J-S55041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CALVIN S. COBB, | |
| Appellant | No. 2285 EDA 2015 |

Appeal from the Judgment of Sentence March 26, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001029-2013

BEFORE:  LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 11, 2016**

Appellant Calvin S. Cobb appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on March 26, 2015, following a non-jury trial before the Honorable Chris R. Wogan and his convictions of Aggravated Assault, Robbery, Theft by Unlawful Taking, Receiving Stolen Property, Possession of an Instrument of a Crime (PIC), Simple Assault and Recklessly Endangering Another Person.  We affirm.

The trial court set forth the relevant facts herein as follows:

> At trial, Antonio Smith testified that on November 22, 2012, around 11:30 a.m./12:00 p.m., he was walking down Palm Street, a drug corner in Philadelphia when he encountered [Appellant].[2] [Appellant] called the victim a rat and the victim went face -to-face with [Appellant] arguing about who was a rat. [Appellant] swung at the victim with a closed fist and hit him on the left side of the face; another man referred to [Appellant] saying. "This is my [f –ing] brother," and joined in. Then, both [Appellant] and the other male tried to pin the victim down. The other male tried to put the victim's hoodie over the top of his

*Former Justice specially assigned to the Superior Court.

head and was punching him in the right side of his face. Then, [Appellant] hit the victim on the left side of his face in the eye area with a 2x4 piece of wood three or four times, splitting the left side of the victim's face up to his ear. The other male kept trying to pull the victim down to the ground, but the victim was fighting with him, broke loose, ran away, and encountered a lady at, what the victim described at trial as, "a Puerto Rican store" who called the police. [Appellant] and the other male ran up Palm Street. [Appellant] took $100.00, United States Currency and the victim's cell phone from his pocket during the assault. [Appellant] was taken to Misericordia Hospital and received stitches to the left side of his face. The victim testified that, after the incident, he was a level "10" for pain and his face eventually felt numb. Two hours after the assault, Detective Dougherty took a statement from the victim naming [Appellant] as one of the perpetrators and detailing the assault. The victim testified to [Appellant's] identity and the details of the assault at a preliminary hearing on January 24, 2013 (N.T. 12/29/14, p. 14 - 56).[3]

Officer Christopher Maitland testified that he responded to the radio call for a robbery in progress that day, and he was approached by the victim who told him he was assaulted by two black males who took $100.00, in cash from him and a cell phone. The victim was shaken and had bruises and cuts to the left side of his face. The officer drove the victim around to look for defendants, but they could not locate them. The officer then took the victim to Southwest Detectives to be interviewed by Detective Dougherty. Around two hours after the assault. The victim identified [Appellant] to the Detective by photo. The medical records were moved into evidence at trial which set out the victim's diagnosis: head injury with concussion and facial contusion (N.T. 12/29/14, p. 78-84).

At trial, defense counsel called Aleah Wilson who testified that [Appellant] did not leave her house until late afternoon that day, explaining that he never woke up and left her house before that time period. There was testimony presented at trial that Officer Jerry Torres from the Felony Waiver Unit at the District Attorney's Office contacted Ms. Wilson [ ] to schedule an interview regarding a possible alibi for defendant, but she and her brother failed to come in on July 23, 2014. The Detective also went to her house twice and left numerous voicemails with no return call. Finally, there was testimony presented that on October 19, 2013, Ms. Wilson threatened police during her own DUI arrest that she was going to lie and tell people the officers

- 2 -

beat her so they would lose their badges (N.T. 12/29/14, p. 86-107). Defense counsel also noted that the victim pled guilty to assaulting Ms. Wilson that year and is on parole for that assault, he has a conviction for crimen falsi, and he is a drug user. (id. at 109-110).

_____

[2][Appellant] was the current boyfriend of the victim's son's mother, Aleah Wilson; [Appellant] also has a child with Ms. Wilson.

[3]The victim testified that he was hit in the face with a brick by [Appellant] when [Appellant] and the victim's son's mom, Aleah Wilson, first started dating in 2008, or 2009 (N.T. 12/29/14, p. 18-19). Ms. Wilson has been threatening to have the victim locked up for various fabricated crimes if he continued to testify against [Appellant] in this case. Ms. Wilson had the victim sign a paper, even though she knows the victim can't read well, telling him it was to continue to get disability for her son; the paper was actually a notarized document stating that the victim made a false statement to police about [Appellant] and never saw [Appellant] on the day of the incident. [Appellant] testified that he signed only one of the two notarized papers presented in court, the one dated August 7, 2014 (N.T. 12/29/14, p. 35-56).

Trial Court Opinion, filed 9/29/15 at 3-5.

The trial court sentenced Appellant in the mitigated range on his Robbery and Aggravated Assault convictions. Specifically, Appellant received forty-two (42) months to one hundred twenty (120) months in prison to be followed by thirty-six (36) months of reporting probation for the Robbery conviction, and one hundred-twenty (120) months of reporting probation to run concurrently thereto on the Aggravated Assault conviction. Appellant received a standard range sentence of thirty-six (36) months' reporting probation on the PIC conviction. Appellant's convictions of Theft by Unlawful Taking, Receiving Stolen Property, Simple Assault, and Recklessly Endangering Another Person merged for sentencing purposes.

Appellant filed a post sentence motion on March 26, 2015, wherein he challenged the sufficiency and the weight of the evidence "for all charges." *See* Post Sentence Motion, filed 3/26/15, at ¶ 4-5. Appellant's post sentence motion was denied by operation of law on July 24, 2015, and Appellant filed a timely notice of appeal. On July 29, 2015, the trial court filed his Order directing Appellant to file a statement of matters complained of on appeal, and on August 17, 2015, Appellant filed what he termed his "Preliminary Concise Statement of Matters Complained of on Appeal" wherein he raised the following issues:

1. There was insufficient evidence to support Appellant's convictions for Aggravated Assault, Robbery, Theft by Unlawful Taking, Receiving Stolen Property, Possession of an Instrument of a Crime, Simple Assault, and Recklessly Endangering Another Person.

2. The Weight of the Evidence was against Appellant's convictions for Aggravated Assault, Robbery, Theft by Unlawful Taking, Receiving Stolen Property, Possession of an Instrument of a Crime, Simple Assault, and Recklessly Endangering Another Person.

3. The trial court abused its discretion when it sentenced Appellant to an aggregate sentence of 3 ½ to 10 years['] incarceration followed by 10 years of probation, which did not follow the dictates of 42 Pa.C.S. § 9721(b) that requires the court to at least consider the particular circumstances of the offense and the character of the defendant.

Also on August 17, 2015, Appellant filed a "Preliminary Statement of Matters Complained of on Appeal" wherein he reiterated the third issue

above.[1]  He attached thereto a one-page "Argument on the Merits" wherein he posited his term of incarceration was manifestly excessive and asserted the trial court had failed to take into account "other important factors" including his "background, minimal record, youth, and whether [he] could be rehabilitated" prior to sentencing.  He further admitted therein that "[w]hile [his] crime cannot be trivialized nor ignored, the sentence imposed i[s] unreasonable and excessively, [sic] and should be vacated."

In his brief, Appellant presents the following Statement of Questions Involved:

> I.    Whether the weight of the evidence is against Appellant's convictions for Aggravated Assault, 18 Pa.C.S. § 2702 and Robbery, 18 Pa.C.S. § 3701?
>
> II.   Whether the evidence was insufficient to convict Appellant of Aggravated Assault, 18 Pa.C.S. § 2702 and Robbery, 18 Pa.C.S. § 3701?
>
> III.  Whether the trial court abused its discretion when it sentenced Appellant to 3½-10 years['] incarceration followed by 10 years['] reporting probation?

Brief for Appellant at 4.  For the reasons that follow, we find Appellant has waived these issues.

> The Pennsylvania Supreme Court has explained that Rule 1925 is a crucial component of the appellate process, which "is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal." ***Commonwealth v. Lord***, 553 Pa. 415, 719 A.2d 306, 308

---

[1] Appellant's only edit was the substitution of "sentencing court" for "trial court."

(1998). "When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." *In re Estate of Daubert*, 757 A.2d 962, 963 (Pa.Super. 2000). "In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa.Super. 2001).

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa.Super. 2013) (citing *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa.Super.2009)). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Gibbs*, 981 A.2d at 281.

In his Rule 1925(b) statement, Freeman argued only that "[t]he evidence at trial was insufficient to sustain a conviction of the crimes charged." Freeman's Concise Statement, 1/28/2015, at 1 (unnumbered). Freeman's 1925(b) statement does not specify which element or elements of the relevant crimes, or even which crimes, the Commonwealth failed to prove beyond a reasonable doubt. This assertion is far too vague to warrant meaningful appellate review. *See Garland, supra*. Thus, Freeman has waived his challenge to the sufficiency of the evidence.

Freeman also has waived his eleventh issue, wherein he challenges the weight of the evidence. Here too, Freeman failed to specify in his Rule 1925(b) statement which verdict or verdicts were contrary to the weight of the evidence, and he neglected to offer specific reasons as to why those verdicts were contrary to the weight of the evidence. Instead, Freeman asserted only that "[t]he verdict of the jury was against the weight of the evidence." Freeman's Concise Statement, 1/28/2015, at 1 (unnumbered). As explained *supra*, "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Dowling*, 778 A.2d at 686; *see Commonwealth v. Seibert*, 799 A.2d 54, 62 (Pa.Super. 2002) (holding that appellant waived his challenge to the weight of the evidence

where his 1925(b) statement merely asserted that "[t]he verdict of the jury was against the weight of the credible evidence as to all of the charges").

**Commonwealth v. Freeman**, 128 A.3d 1231, 1247-49 (Pa. Super. 2015) (footnote omitted).

Similarly, herein, Appellant's Preliminary Concise Statement of Matters Complained of on Appeal simply provides a generic assertion that the evidence was insufficient to sustain each of the listed crimes of which he had been convicted and that the weight of the evidence was against those convictions. **See** Appellant's "Preliminary Concise Statement of Matters Complained of on Appeal," filed 8/17/15, at ¶ 1-2. Appellant failed to specify which elements of the crime(s) he was challenging in his Rule 1926(b) statement which impeded the trial court's preparation of a cogent legal analysis.

The trial court's inability to conduct a meaningful review as a result of Appellant's failure to adequately and concisely identify the issues he sought to pursue on appeal is evident in the fact that in his Pa.R.A.P. 1925(a) Opinion, the trial court specifically cited only the elements of Aggravated Assault, Robbery and PIC, yet the trial court generally concluded that under relevant caselaw, the evidence was sufficient to prove all of Appellant's convictions. Trial Court Opinion, filed 9/29/15, at 6-7. Thereafter, the trial court generally cited to caselaw wherein the evidence was found sufficient to establish Aggravated Assault, Robbery and PIC. **Id**. at 7-8.

The trial court also was hampered by the vagueness of Appellant's Rule 1925(b) statement when considering his weight of the evidence claim. In his Opinion, the trial court considered an argument Appellant had set forth at trial, namely that following the event, the victim provided police with only a description of the individuals who had attacked him but did not indicate Appellant's name at that time. *Id*. at 9. The trial court could not tailor his weight of the evidence analysis to any of the crimes of which Appellant had been convicted because Appellant failed to specify in his Rule 1925(b) statement the manner in which his convictions were against the weight of evidence presented at trial. Thus, we find Appellant's weight and sufficiency claims waived on this basis. *See Gibbs*, *supra*.[2]

In his third issue, Appellant challenges the discretionary aspects of his sentence. However, challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

_____

[2] Appellant's appellate brief similarly lacks a meaningful discussion of the offenses of which he was convicted or the elements thereof. Although he had been convicted of seven crimes and purported to challenge the sufficiency and weight of the evidence for these crimes in his Rule 1925(b) statement, his argument challenging the weight of the evidence spans two and one half pages, while he devotes only two pages to his sufficiency of the evidence claim.

we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *See* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). **Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.** ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013) (emphasis added).

Herein, Appellant filed a timely notice of appeal, but he did not raise a specific objection challenging the discretionary aspects of his sentence at the time of sentencing. **See** N.T. Sentencing, 3/26/15, at 11. Moreover, as was mentioned previously, while he filed a post sentence motion, Appellant challenged therein only the sufficiency and weight of the evidence for his convictions and raised this sentencing claim for the first time on appeal in his "Preliminary Concise Statement of Matters Complained of on Appeal." Because an appellant cannot raise an issue for the first time on appeal, Appellant's third claim presented herein is waived. Pa.R.A.P. 302(a); ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa.Super. 2004).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2016