**In re ESTATE OF Bertha A. DAUBERT, Deceased.**

**Appeal of Thomas Daubert.**

Superior Court of Pennsylvania.

Submitted June 26, 2000.

Filed Aug. 3, 2000.

Frank R. Cori, Orwigsburg, for appellant.

Gregory M. Kerwin, Elizabethville, for appellee.

Before CAVANAUGH, DEL SOLE and MUSMANNO, JJ.

CAVANAUGH, J.:

¶ 1 This appeal is from an order removing appellant as a co-executor of the estate of his mother. The *decree nisi* was filed on October 13, 1999. No exceptions were filed to the *decree nisi,* and it became final as a matter of law ten days after October 13, 1999, *i.e.,* October 23, 1999. A notice of appeal was filed on November 15, 1999. By order dated November 17, 1999, the lower court directed appellant to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P.1925(b), within 14 days. No responsive Rule 1925(b) statement was ever filed. Without the benefit of a Rule 1925(b) statement, or exceptions to the *decree nisi,* the court was unable to identify the grounds for the appeal. The lower court's opinion noted the absence of the Rule 1925(b) statement and suggested dismissal of the appeal for failure to preserve any issue for review.

¶ 2 On appeal, appellant seeks to challenge the exercise of the court's discretion based upon the alleged lack of cause to find harm to the estate for his failing to authorize payment of certain of its expenses.

 ¶ 3 In order to preserve an issue for appellate review it must be raised by the appellant in a Rule 1925(b) statement filed at the lower court's direction. Any issues not raised in a Rule 1925(b) statement are deemed waived. *Com. v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998); *Giles v. Douglass,* 747 A.2d 1236 (Pa.Super.2000); *Com. v. Ortiz,* 745 A.2d 662 (Pa.Super.2000). The facilitation of appellate review requires that the trial court be afforded the opportunity to address the issues raised on appeal. *Commonwealth v. Overby,* 744 A.2d 797 (Pa.Super.2000). When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. *Id.* An issue not identified for review in a Rule 1925(b) statement is waived whether or not the lower court actually addresses the issue in an opinion. *Com. v. Steadley,* 748 A.2d 707 (Pa.Super.2000).

¶ 4 Appellant's failure to file a Rule 1925(b) statement as ordered by the lower court results in waiver of the issue he presents in his brief on appeal. The issue formulated on appeal was not anticipated by the lower court. The opinion did not address the merits of the allegation that the court abused its discretion in removing appellant as co-executor. Absent the existence of any issues to address on appeal, the order must be affirmed.

¶ 5 Order affirmed.