J. A20011/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WALLACE LEWANDOWSKI, | : | IN THE SUPERIOR COURT OF |
| JOSEPH SCHMIDT, MARIE McALEER, | : | PENNSYLVANIA |
| PETER TROLENE, JR. AND | : | |
| JAMES KRESS | : | |
| | : | |
| v. | : | |
| | : | |
| WACHOVIA BANK, N.A., AS TRUSTEE | : | |
| N/K/A U.S. BANK NATIONAL | : | |
| ASSOCIATION AS TRUSTEE | : | |
| | : | |
| APPEAL OF:  JAMES KRESS AND | : | |
| PETER TROLENE, JR., | : | No. 2068 EDA 2013 |
| | : | |
| Appellants | : | |

Appeal from the Order Dated June 11, 2013,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. April Term, 2006, No. 1246

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 16, 2014**

Appellants appeal from the order denying their petition to set aside a sheriff's sale.  Finding no error, we affirm.

The trial court accurately summarized the complex procedural history of this case:

> The instant matter is an appeal by James Kress and Peter Trolene Jr. (hereinafter "Kress" and "Trolene,") from this Court's denial of their Petition to Set Aside Sheriff's Sale.
>
> The procedural history of this case is extremely convoluted due to the incomprehensible and bizarre

motions, petitions, and appeals that the Kress and Trolene, proceeding **pro se**, have filed over the past several years. On April 6, 2006, Wachovia Bank, NA (hereinafter "Wachovia"), as trustee for US Bank NA, filed a Petition for Rule to Show Cause Why Property Should Not Be Sold Free and Clear of All Liens and Encumbrances. The petition pertained to tax claims held by Wachovia for unpaid real estate taxes assessed by the City of Philadelphia and the School District of Philadelphia for property at 1807-1819 Blair Street, Philadelphia, PA, for tax years 1986 through 1996. Answer to Petition to Set Aside at 8. Pursuant to 53 P.S. § 7283, Wachovia had a Tax Information Certificate (hereinafter "TIC") prepared, identifying Wallace Lewandowski and Joseph Schmidt as the record owners of the subject property. Id., at 8-9. Based off of the information on the TIC, Wachovia named Wallace Lewandowski and Joseph Schmidt as the respondents on the tax petition.

A hearing was scheduled for July 25, 2006, with notice sent to all parties of record. The Trust also posted the Tax Petition and Rule Returnable Order to the subject property, pursuant to 53 P.S. § 7193.2(a)(1)-(3). Id. at 9. After the July 25 hearing, Common Pleas Court Judge Joe Dych entered an Assessment of Damages Order, ordering that the property be sold at tax sale. Id. The property was listed for the November 21, 2006 Sheriff's Sale and notice of the sale was provided to all entitled parties, as required by 53 P.S. § 7193.2(c). Id. Additionally, the Philadelphia Sheriff's Department posted notice of the sale on the property. Id. at 10. At the Sheriff's Sale, a third party, Rosinski Group, Inc. (hereinafter "Rosinski"), was the successful bidder. Rosinski settled with the Sheriff's Department on February 5, 2007, and the Sheriff's Deed was recorded March 5, 2007. Id.

Prior to this point, neither Kress nor Trolene had been involved in the matter; however, Kress interjected himself by filing Statements of Claim on May 16, 2007 and February 27, 2009, alleging adverse possession of the subject property at 1819-

1821 Blair Street. Answer to Petition to Set Aside, Ex. F and G. In response, Rosinski commenced a quiet title action against Kress. On October 22, 2010, Common Pleas Court Judge Mark Bernstein entered an Order declaring that Rosinski owned a portion of the property, from 1807-1817 Blair Street, in fee simple. Answer to Petition to Set Aside at 11. This Order also incorporated a stipulation between the two parties whereby Kress and Rosinski agreed to share the cost of appraising 1819-1821 Blair St., with Kress receiving a payment between $17,500 and $25,000 in exchange for his recognition of Rosinski as the grantee of the property. *See* Rosinski Grp., Inc. v. Kress, 40 A.3d 192 (Pa. Super. Ct. 2011), *reargument denied* (Feb. 27, 2012), *app. denied*, 50 A.3d 126 (Pa. 2012). Kress appealed the portion of the Order approving the stipulation. However, the Superior Court affirmed Judge Bernstein on December 15, 2011, and Kress' petition for permission to appeal to the Pennsylvania Supreme Court was denied on August 21, 2012. Id.

The instant action began on October 3, 2012, when Kress and Trolene filed a Petition to Set Aside Sheriff's Sale. That Petition named six parties as respondents, including the City of Philadelphia, the Sheriff of Philadelphia County, Wachovia, and the prior owners of the subject property. Petition to Set Aside at 10-11. They argued two different theories: First, they argued that Kress remained a rightful owner of 1819-1821 Blair St. through his claim of adverse possession. Petition to Set Aside at 17; Answer to Petition to Set Aside, Ex. F. Alternatively, Kress and Trolene argued that the respondents to the initial tax sale petition (Lewandowski and Schmidt) were deceased, but had transferred the property interest in 1819-1821 Blair St. to Trolene prior to the underlying tax sale. Trolene testified that, around the year 1999, his father had acquired title to 1819, 1820, and 1821 Blair St. N.O.T., June 6, 2013, pages 9-10. Trolene's father allegedly gifted those properties to Trolene, who was merely responsible for paying the taxes. Trolene testified to receiving a tax bill from the City of Philadelphia each

year until 2007, when he inquired into the bill for tax year 2006. Id. at 10-11. Supposedly, Trolene's 2007 inquiry into the missing tax bill gave him his first notice that the property had been sold due to delinquent taxes. Id.

Kress and Trolene maintained that either of these theories of ownership made the earlier Sheriff's Sale improper, because they, as the rightful owners of 1819-1821 Blair St., had paid all taxes due on the property and had never received notice of the underlying tax petition. Petition to Set Aside at 38. They claimed that, as they were "Indispensable, Necessary parties" to the action, their absence from and lack of notice regarding the Sheriff's Sale proceedings had the legal effect of stripping Judge Dych of jurisdiction to issue the Order to Assess Damages, and/or the Sheriff of legal authority to execute the Sale. Petition to Set Aside at 23.

On October 23, 2012, Kress and Trolene filed a Motion to Intervene, which was substantially similar to their Petition to Set Aside. On December 10, 2012, the City of Philadelphia and the Sheriff of Philadelphia County filed a Motion to Dismiss, arguing that their inclusion as parties to the proceedings was improper. On January 22, 2013, Common Pleas Court Judge Idee Fox granted that Motion, dismissing the City and the Sheriff from the action. That same day, Judge Fox granted the Motion to Intervene and scheduled a hearing on their Petition to Set Aside.

On March 5, 2013, Kress and Trolene filed a Motion for Extraordinary Relief, seeking to postpone the hearing on their Petition to Set Aside and also seeking permission to file new pleadings. On April 8, 2013, this Court ordered the hearing on the Petition to Set Aside to be continued, by agreement, to May 9, 2013, but denied Kress and Trolene's request to file new pleadings. After further rescheduling, the hearing on the Petition to Set Aside was eventually conducted on June 6, 2013. That hearing included

testimony from Kress, Trolene, Pamela Harris-Williams (counsel for Wachovia), and Tony Sovinski, who is the president of Rosinski and the purchaser of the subject property. (N.O.T. June 6, 2013, page 3). On June 12, 2013, this Court issued a final Order, denying Kress and Trolene's Petition to Set Aside. On June 20, 2013, Kress and Trolene filed a post-trial motion, pursuant to Pa. R.C.P. 227.1, which this Court denied for being procedurally improper.

On July 11, 2013, Kress and Trolene filed the instant appeal with the Pennsylvania Superior Court, prompting this Court to order them to submit a detailed and itemized Statement of Errors Complained of (hereinafter "1925(b) Statement" or "Statement"), pursuant to Pa. R.A.P. 1925(b). On August 2, 2013, Kress and Trolene filed their 1925(b) statement[.]

Trial court opinion, dated 8/8/13 at 1-4 (footnotes omitted).

We find that appellants have waived all issues on appeal. In response to the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., the appellants filed a document over 50 pages in length, challenging virtually every aspect of this case in a rambling, sometimes incoherent, fashion.

Pa.R.A.P. 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. [**Commonwealth v.**] **Lord**, 553 Pa. [415] at 417, 719 A.2d [306 (1998)] at 308. "When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa.Super.2001). "When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is

- 5 -

> impeded in its preparation of a legal analysis which is pertinent to those issues." *In re Estate of Daubert*, 757 A.2d 962, 963 (Pa.Super.2000). "In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Dowling*, 778 A.2d at 686. *See Commonwealth v. Seibert*, 799 A.2d 54, 2002 WL 89473, at *4, (Pa.Super.2002).

*Commonwealth v. Lemon*, 804 A.2d 34, 37 (Pa.Super. 2002).

In addition to concise statements that waive issues because they are too vague, this court has likewise found that those concise statements that are too prolix may also serve to waive their issues. In *Jiricko v. Geico Insurance Co.*, 947 A.2d 206 (Pa.Super. 2008), *appeal denied*, 958 A.2d 1048 (Pa. 2008), this court found the issues on appeal were waived because the statement was too lengthy and was "an incoherent, confusing, redundant, defamatory rant." *Jiricko*, 947 A.2d at 213. The same may be found here. In addition to repeatedly accusing Wachovia of stealing their property,[1] appellants' concise statement is rambling, cites to inappropriate authority, and often lapses into incoherent sentence fragments:

> Pursuant to preparation for the filing of a petition, (Pamela Harris-Williams, Esq., for Linebarger, Esq.), for delinquent tax lien judgment against property in the name of Lewandowski, Schmidt and McAleer as reputed owners of property 1807 to 1815 Blair St., Phila. Pa. 19125 for back taxes, pursuant to 53 P.S. § 7101 to § 7455 of the Municipal Claims & Tax lien Act, (hereinafter MCTLA).

---

[1] Concise Statement, 8/2/13 at 1-A and 3-A.

> The Standing of Wachovia Bank & Linebarger, Esq., et al., as set forth in depth on pages 2 to 5 of the Petition filed April 3, 2006 by Linebarger's Attorney, (Exhibit "E"), Pamela Harris-Williams, Esq., Petitioners.

Concise Statement, 8/2/13 at 2-A.

We find that appellants' all-encompassing, and yet scattershot, approach to the issues in their overlong and foggy "concise" statement effectively obscures any issues they wished to raise on appeal. We agree with the trial court that appellants have waived their issues.

Moreover, we find that neither appellant has standing.

> "The concept of standing, an element of justiciability, is a fundamental one in our jurisprudence: no matter will be adjudicated by our courts unless it is brought by a party aggrieved in that his or her rights have been invaded or infringed by the matter complained of." **Id.** "The purpose of this rule is to ensure that cases are presented to the court by one having a genuine, and not merely a theoretical, interest in the matter." **Id.** "Thus the traditional test for standing is that the proponent of the action must have a direct, substantial and immediate interest in the matter at hand." **Id.**

**D.G. v. D.B.**, 91 A.3d 706, 708 (Pa.Super. 2014), quoting **J.A.L. v. E.P.H.**, 682 A.2d 1314, 1318 (Pa. 1996).

The record reveals that appellant Trolene conveyed his entire interest in the disputed property to appellant Kress by quitclaim deed dated July 2, 2009, and recorded July 15, 2009,[2] long before appellants filed their petition

---

[2] **See** Record Document No. 21, Exhibit I and Record Document No. 32 at page 8-A.

to set aside the sheriff's sale. The quitclaim deed serves to render appellant Trolene no longer an aggrieved party, and therefore, appellant Trolene has no standing to bring this appeal. **Insilco Corporation v. Rayburn**, 543 A.2d 120, 125-126 (Pa.Super. 1988).

As for Kress, he has no valid interest whatsoever in the property. The whole basis for Kress' original claim to the property was an inchoate assertion of adverse possession that has never been litigated and has never been reduced to a favorable judgment.[3] Without a judicial finding that Kress had title by adverse possession, he holds only a theoretical claim.

Even now, all Kress has is a quitclaim deed from Trolene that was executed and recorded long after the sheriff's deed to the property from the tax sale was recorded. Such a deed cannot overcome a previously lawfully recorded deed. Kress is not a **bona fide** purchaser pursuant to that latter deed because the recording of the former sheriff's deed provides public notice of another's title. The purpose and effect of Pennsylvania's recording statutes is to protect **bona fide** purchasers. **Poffenberger v. Goldstein**, 776 A.2d 1037, 1042 (Pa.Cmwlth. 2001). "The recording of a deed serves to provide public notice in whom the title resides. To be deemed to be a bona fide purchaser, however, one must pay valuable consideration, *have no notice of the outstanding rights of others*, and act in good faith." **Id.**

---

[3] In fact, Kress did not even raise his adverse possession claim until after the sheriff's deed was recorded.

(emphasis in original). Since Kress had constructive notice of the recorded sheriff's deed, he has no valid claim to the property under the later quitclaim deed from Trolene. Consequently, Kress is likewise not an aggrieved party and is without standing.

Accordingly, having found that appellants have waived their issues and do not have standing, we will affirm the order below.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2014