J-S91017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| EDWARD ARTHUR GEIER, JR. | |
| Appellant | No. 881 MDA 2016 |

Appeal from the Judgment of Sentence May 2, 2016
in the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000412-2015
CP-14-CR-0000885-2015

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.:                    **FILED FEBRUARY 23, 2017**

Edward Arthur Geier, Jr. (Appellant) appeals from the judgment of sentence of an aggregate term of 75 to 150 years of imprisonment, following a jury trial on charges of a myriad of sex crimes against two victims.  We affirm.

In August of 2014, state troopers found K.K.M., then thirteen years-old, walking along State Route 45 of Centre County, Pennsylvania.[1]  Notes of Testimony, (N.T.) at 70-71.  K.K.M. had walked 4.7 miles from Spring Mills, where she resided, with two suitcases and a large handbag before she

_____

[1] K.K.M. was born in April 2001.  N.T. at 88.

*Former Justice specially assigned to the Superior Court.

encountered the troopers. *Id*. at 70-75. K.K.M. told the troopers that she was being sexually assaulted by her stepfather, Appellant. *Id*. at 84.

K.K.M. testified at a jury trial in January 2016, that Appellant began touching her when she was approximately seven or eight years old. *Id*. at 98-99-115.[2] Appellant would touch K.K.M.'s chest, vagina and would forcibly try to kiss her. *Id*. at 94-96. She testified that Appellant would engage in these activities when her mother would go to bed, go downstairs to get a drink, or go to the bathroom. *Id*. at 96. Appellant would at times take K.K.M.'s clothes off and touch her chest, touch her vagina, or insert his fingers into her vagina. *Id*. at 98. The assaults progressed when K.K.M. grew older. *Id* at 121.

On the first occasion Appellant had intercourse with K.K.M., he accosted her in the shower and told her that if she did not let him have sex with her, he would kill her. *Id*. at 102. Appellant would put her hand on his penis and instruct the child, "not to hold it too tight, but kind of loose, and to move it up and down slowly." *Id*. at 105. At other times Appellant would cover her face, forcing her to open her mouth and then inserting his penis into her mouth. *Id*. at 103-105. Appellant would tell K.K.M. not to tell anyone because "[she] and [her] sisters would be taken away and [her]

---

[2] K.K.M. also estimated that the touching was ongoing for approximately five to six years at the time she ran away. *Id*. at 121.

mom would be heartbroken and left with nothing and [they] would lose everything." *Id*. at 106.

Sexual incidents would occur in her bedroom, the bathroom, the garage, cars, his room, and the couch. *Id*. at 108. When Appellant and K.K.M. were riding in a car, Appellant would pull the car over, pull K.K.M. into the backseat and remove her clothing. *Id*. at 108. Appellant would predicate K.K.M.'s participation in various activities by requiring she perform sex acts with him. *Id*. at 112-3. K.K.M. testified that she tried repeatedly to deter Appellants advances by trying to fight him off or calling her mother, and she even told Appellant "no;" however, Appellant would continue to abuse her. *Id*. at 98-100.

K.K.M. testified that the touching occurred two to three times per week. *Id*. at 121-2, 127. K.K.M was made to perform oral sex on Appellant approximately two times per week, and Appellant performed oral sex on the child approximately thirty times. *Id*. at 114, 126. She also testified that Appellant forced her to engage in intercourse approximately once or twice a week for three to four years, with the last incident occurring in her bedroom days before she ran away. *Id*. at 121. Forensic analysis corroborated K.K.M.'s account of the final incident, positively identifying Appellant's semen in the specific areas outlined by her.

After attending Appellant's preliminary hearing on CP-14-CR-0000412-2015 in March 2015, Appellant's half-sister, A.H., disclosed to Pennsylvania

State Police that Appellant had also abused her.[3] *Id*. at 437. A.H. testified that in 2003, when she was fourteen, she awoke to find Appellant's penis inside of her. *Id*. 417-18, 422-24. The incident ended once Appellant fell asleep. *Id*. When A.H. was nineteen, a separate incident occurred where Appellant put his hands underneath her shirt and bra and grabbed her breasts. *Id*. at 439. These incidents both occurred in Centre County, Pennsylvania. The criminal informations for K.K.M. and A.H. were combined, and Appellant was tried accordingly.

Appellant was found guilty of 1,073 sex crimes, and the Sexual Offenders Assessment Board classified Appellant as a sexually violent predator in April of 2016.[4]

---

[3] A.H. was born in September 1988. *Id*. at 409.

[4] Appellant was convicted of 1,068 of the following crimes against victim K.K.M., docketed at CP-14-CR-0000412-2015:
- Thirty-two counts of 18 Pa.C.S. §§ 3121(c) (rape of a child, victim less than thirteen years of age),
- Forty-eight counts of 18 Pa.C.S. § 3122.1(b) (statutory sexual assault),
- 510 counts of 18 Pa.C.S. § 6318(A)(1) (unlawful contact with a minor),
- Twenty-seven counts of 18 Pa.C.S. § 3123(A)(7) (involuntary deviate sexual intercourse (IDSI), complainant less than sixteen years of age),
- Two counts of 18 Pa.C.S. § 3123(a)(1) (IDSI, forcible compulsion),
- Fifty-two counts of 18 Pa.C.S. § 3124.1 (sexual assault),
- One count of 18 Pa.C.S. § 6301(a)(1)(ii) (corruption of minors),
- 360 counts of 18 Pa.C.S. § 3126(a)(7) (indecent assault, victim less than thirteen years of age),

*(Footnote Continued Next Page)*

In May 2016, Appellant was sentenced. For crimes against K.K.M., Appellant received twenty-five to fifty years of imprisonment on count one, rape of a child less than thirteen years of age; plus twenty-five to fifty years of imprisonment on a second count of rape of a child less than thirteen to be served consecutively; and an additional twenty-five to fifty years imprisonment for the remaining 1,066 counts of sexual crimes to be served concurrently. For crimes against A.H., Appellant received twenty-five to fifty years of imprisonment on count one, rape of an unconscious person, plus twenty-five to fifty years of imprisonment for the remaining five counts of sexual crimes to be served concurrently. Appellant's convictions against A.H. were to be served consecutively to his convictions against K.K.M, for an aggregate term of 75 to 150 years of incarceration.[5]

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court submitted an opinion.

Appellant presents the following question for our review:

_(Footnote Continued)_ _____

- Forty counts of 18 Pa.C.S. § 3126(a)(8) (indecent assault, victim less than 16 years of age).

Appellant was also convicted of one count each of the following crimes against A.H., docketed at CP-14-CR-0000885-2015:

- 18 Pa.C.S. § 3123(a)(3) (rape of an unconscious person),
- 18 Pa.C.S. § 6318(a)(1) (unlawful contact with a minor),
- 18 Pa.C.S. § 3122.1(b) (statutory sexual assault),
- 18 Pa.C.S. § 4302(b)(2) (incest),
- 18 Pa.C.S. § 3126(a)(1) (indecent assault without consent).

[5] Appellant was given credit for time served.

1.     Was there sufficient evidence to find Appellant [g]uilty beyond a reasonable doubt on the charges he was convicted of in both cases?

Appellant's Brief at 18.

Appellant contends that the evidence was insufficient to find him "guilty beyond a reasonable doubt on the charges he was convicted of in both cases." Appellant's Brief at 18, 25-26. Appellant has waived his sole issue.

As this Court observed in **Commonwealth v. Freeman**, 128 A.3d 1231, 1247 (Pa. Super. 2015):

> The Pennsylvania Supreme Court has explained that Rule 1925 is a crucial component of the appellate process, which "is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal." **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306, 308 (1998). "When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." **In re Estate of Daubert**, 757 A.2d 962, 963 (Pa. Super. 2000). "In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa. Super. 2001).
>
> "In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013) (citing **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009)). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." **Gibbs**, 981 A.2d at 281.

*Freeman*, at 1247.

Appellant's statement does not specify which element or elements of his 1,073 crimes, or even which crimes the Commonwealth failed to prove beyond a reasonable doubt.[6]   This assertion is far too vague to warrant meaningful review.  **See Freeman, supra**.  Thus, Appellant has waived his challenge to the sufficiency of the evidence, and no relief is due.

Judgement of sentence affirmed.

---

[6] Without citation to case law, Appellant's one-and-one-quarter-pages of argument likewise offer no analysis of any particular elements that comprise the charges against him related to K.K.M., yet baldly asserts the Commonwealth did not meet its burden to sustain Appellant's convictions based on the sheer number of counts against him.  Appellant's Brief at 25-26.  In Appellant's single paragraph of argument regarding A.H., Appellant attempts to shift the onus of the incident, where he initiated intercourse with his sleeping, fourteen-year-old sister, to her as she did not "fight back, yell out, shout 'STOP' or do anything to indicate that this was unwanted contact." *Id*.  Perhaps if Appellant had taken the opportunity to include the elements of 18 Pa.C.S. 3121(a)(3) in his statement or Brief, he would have realized that the crime had already been committed by the time A.H. awoke. *See* 18 Pa.C.S. § 3121(a)(3) (A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant . . . who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring.).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2017