J-S91019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DRB, INC., D/B/A SUPERIOR HOMES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM S. KELLER | : | |
| | : | |
| Appellant | : | No. 1061 MDA 2016 |

Appeal from the Order Entered June 10, 2016
In the Court of Common Pleas of York County
Civil Division at No(s): 2013-SU-003465-94

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                                    **FILED FEBRUARY 27, 2017**

William S. Keller appeals from the trial court's order entered on June 10, 2016, granting the motion to quash of DRB, Inc. and dismissing Keller's notice of appeal from an arbitration award entered in favor of DRB, Inc. We affirm.

Keller and DRB entered into a contract on March 18, 2013, for the delivery and installation of a pre-fabricated residential structure on Keller's property. *See* DRB's Complaint, 09/27/2013, at 2. The total cost of the project under the contract was $106,645.00. *See id.* at ¶ 6.

Paragraph 18 of the contract provided:

Any dispute arising under or related to this Contract shall be

_____

[*] Former Justice specially assigned to the Superior Court.

resolved through binding arbitration. The parties agree to mediation as a condition precedent to the arbitration.

*See* DRB's Reply to New Matter, Exhibit A ("Contract").

In September 2013, DRB initiated this action for breach of contract to recover the remaining balance due under the contract of $96,645.00, plus additional damages, costs, and fees totaling approximately $50,000. *See* DRB's Complaint, 09/27/2013, at ¶ 11.

Correspondence between the parties suggests that they agreed to arbitration. Trial Ct. Op., 8/18/2016, at 2 (citing series of letters between the parties). However, the parties could not agree to specific arbitrators. *Id.* Thus, DRB filed a motion asking the court to compel Keller to execute an Agreement for Reference for Arbitration. *See* Motion to Compel, 7/27/2015 (citing York County Civil Procedure Rule 1301(c) ("YCCiv. R."), which empowers a court to do so). At the hearing, the court noted that "[Keller was] in agreement with the matter being referred to arbitration." Notes of Testimony, 8/7/2015, at 1-2. The court entered an order referring the matter to arbitration pursuant to YCCiv. R. 1301(c). Order, 8/6/2015.

On October 19, 2015, DRB filed an Amended Praecipe for Reference to Arbitrators. *See* Amended Praecipe, 10/19/2015. Thereafter, the court administrator appointed members of the York County Bar to serve as arbitrators. On February 5, 2015, the arbitrators awarded $126,538.18 in favor of DRB on the contract claim, plus $9,334.00 in attorneys' fees. The arbitrators found against Keller on his counterclaim.

Keller timely filed a notice of appeal to the York County Court of Common Pleas, seeking a trial *de novo*. DRB filed a motion to quash the appeal, arguing that Keller's agreement to arbitrate pursuant to the parties' underlying contract was voluntary and non-appealable. *See* Motion to Quash, 6/1/2016.[1] The court granted DRB's motion to quash and confirmed the arbitrator's award. *See* Order, 6/10/2016.

Keller timely appealed to this Court and filed a court-ordered 1925(b) statement. Keller's Pa.R.A.P. 1925(b) statement contained seven paragraphs, in which he essentially averred the following: (1) the court erred in dismissing his timely appeal from the award of arbitrators; (2) he did not agree to "binding," statutory arbitration; and (3) the court erred in denying his right to a trial *de novo*, citing in support 42 Pa.C.S. § 7361(d). *See* 1925(b) Statement, 7/13/2016. In its responsive opinion, the trial court addressed a single issue, concluding the parties voluntarily agreed to arbitrate and that the arbitrators' award was binding and non-appealable. *See* Trial Ct. Op., 8/18/2016, at 3.

Keller raises the following issues on appeal:

1. Did the trial court err by not concluding (or even considering) that DRB waived its right to voluntary arbitration?

_____

[1] DRB cited correspondence of the parties in which Keller indicated, through counsel, willingness to submit the underlying dispute to arbitration pursuant to paragraph 18 of the parties' contract. *See* Motion to Quash, at ¶¶ 3-4.

2.     Did the trial court err by concluding that Keller agreed to utilize the statutory arbitration process in lieu of a voluntary arbitration process?

3.     Did the trial court err by stripping Keller of his due process rights by dismissing his timely filed statutory right of appeal?

Keller's Br. at 2.

Keller is seeking to reverse the dismissal of his appeal of an arbitration award.  As the determination of a right to appeal from arbitration presents a question of law, our scope of review is plenary and our standard of review is *de novo*.  **See Fastuca v. L.W. Molar & Assocs.**, 950 A.2d 980, 987 (Pa. Super. 2008).

> In reviewing the trial court's decision …, we are limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion.  As a matter of public policy, our courts favor the settlement of disputes by arbitration.  Nevertheless, the right to enforce an arbitration clause can be waived.  A waiver of the right to proceed to arbitration may be expressly stated, or it may be inferred from a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary.

**Goral v. Fox Ridge, Inc.**, 683 A.2d 931, 933 (Pa. Super. 1996) (internal citations and quotation marks omitted).

In his first issue, Keller contends that DRB waived the right to enforce the voluntary arbitration clause defined in their contract.  He argues DRB waived enforcement because DRB chose to use the judicial process instead of arbitration.  **See** Keller's Br. at 8-9.

- 4 -

In order to preserve an issue for appellate review it must be raised by the appellant in a Rule 1925(b) statement filed at the lower court's direction. Any issues not raised in a Rule 1925(b) statement are deemed waived. […] An issue not identified for review in a Rule 1925(b) statement is waived whether or not the lower court actually addresses the issue in an opinion.

*In re Est. of Daubert*, 757 A.2d 962, 963 (Pa. Super. 2000) (internal citations omitted). As set forth above, Keller failed to raise this issue in his 1925(a) statement. Accordingly, we deem this issue waived. *Id.*

Second, Keller contends that he did not agree to the court-ordered arbitration process as a substitute for voluntary arbitration. *See* Keller's Br. at 9. Keller's argument is comprised of three sentences, is extremely vague, and lacks citation to legal authority or subsequent analysis. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. Super. 2011) (quoting *In re W.H.*, 25 A.3d 330, 339 (Pa. Super. 2011) (citations omitted)); *see also* Pa.R.A.P. 2119(a). We deem this claim waived for lack of development. *Id.*

Finally, Keller contends that the court erred in denying him the right to appeal an award following compulsory arbitration. *See* Keller's Br. at 9-10 (citing 42 Pa.C.S. § 7361).

We reject Keller's attempt to characterize this event as a compulsory arbitration. Compulsory arbitration, under Section 7361(d), is unavailable in actions involving title to real property or where the amount of controversy

- 5 -

exceeds $50,000. **See** 42 Pa.C.S. § 7361. As the trial court noted, it had no authority to order compulsory arbitration because the amount of controversy exceeded $50,000. **See** Trial Ct. Op., 8/18/2016, at 5; **see** 42 Pa.C.S. § 7361; YCCiv. R. 1301(c) (containing no amount in controversy limitation). To the contrary, the court merely facilitated the arbitration proceedings by ensuring that an arbitration panel was convened. **See** Trial Ct. Op., 8/18/2016, at 5 (noting that Keller had decided it was a more cost-effective for the court to select the arbitration panel); YCCiv. R. 1301(c).[2]

Here, the parties agreed to binding arbitration. **See** Contract at ¶ 18; Trial Ct. Op., 8/18/2016, at 2 (recognizing the parties' agreement). Arbitration agreements are favored as a matter of public policy, as they reduce litigation and provide an inexpensive method of resolving disputes. **Trombetta v. Raymond James Financial Servs.**, 907 A.2d 550, 570 (Pa. Super. 2006). Moreover, these proceedings were governed in relevant part by 42 Pa.C.S. § 7341, which provides:

_____

[2] This finding is supported by the record. In August 2014, Keller expressed that the "most efficient and economical procedure is to take advantage of [the York County] court-sponsored Arbitration process….[which] should satisfy the requirement in the agreement for arbitration." **See** Letter from Keller's Counsel to DRB's Counsel, 8/15/2014. On June 2, 2015, DRB asked Keller to sign the Agreement for Reference for Arbitration. On July 20, 2015, DRB sent a second request asking Keller to execute the Agreement before July 22, 2015. **See** Letter from DRB's Counsel to Keller' Counsel, 7/20/2015. Thereafter, DRB filed a motion in court to compel arbitration. **See** Motion, 7/27/2015. Consequently, the court ordered Keller to execute the Agreement within five days and submit to arbitration. **See** Order Compelling [Keller] to Execute, 8/6/2015.

> The award of an arbitrator in a nonjudicial arbitration which is not subject to Subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

42 Pa.C.S. § 7341(d). Notably, Keller does not assert fraud or some other irregularity. Thus, there is no valid ground for appeal.

For these reasons, we discern no error in the court's decision to quash the Keller's appeal for trial *de novo*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>2/27/2017</u>