J-S30019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SIDNEY ARTER, | : | |
| | : | |
| Appellant. | : | No. 347 EDA 2018 |

Appeal from the Judgment of Sentence, August 8, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0014076-2014.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 26, 2019**

Sidney Arter appeals from the judgment of sentence imposed after a jury convicted him of possession of a controlled substance with intent to deliver ("PWID") and criminal conspiracy.[1]

In part, the trial court summarized the testimony presented by the Commonwealth at Arter's trial as follows:

> At trial, the Commonwealth presented the testimony of Philadelphia Police Officer Stephen Shippen. Officer Shippen testified that as a member of the 22nd District Narcotics Unit, his primary function is to investigate "open air" or outside drug transactions. On August 6, 2014, at approximately 7:30 p.m., Officer Shippen set up plainclothes surveillance in the area of 2200 North Bouvier Street in Philadelphia. Upon setting up the surveillance, he observed [Arter] and another black male later identified as Paul Miller ("Paul M."),

---

[1] 35 P.S. § 780-113(a)(30), and 18 Pa.C.S.A. § 903, respectively.

standing on the northwest corner of Bouvier Street and Susquehanna Avenue. At approximately 8:10 p.m., [Arter] was approached by a black male, and the two men engaged in a brief conversation. The black male then handed [Arter] United States currency, at which time [Arter] instructed Paul M. to "Go get him two." [Officer Shippen was sitting in a vehicle twelve feet away from Arter.] Paul M. promptly walked eastbound on Susquehanna and into an alleyway for approximately 20 seconds, returning with two small objects that he handed to the black male. The black male walked away northbound on Bouvier Street, but entered a residence on the same block, so he was unable to be stopped. At that time, [Arter] briefly walked away northbound on Bouvier Street, while Paul M. remained at the corner.

At approximately 8:15 p.m., Paul M. was approached by a black male wearing all red clothing, later identified as Joseph Miller ("Joseph M."). The two males engaged in a brief conversation, and Joseph M. handed Paul M. United States currency. Paul M. then entered the same alleyway for approximately 20 seconds, and returned with two objects that he handed to Joseph M. As Joseph M. was leaving, [Arter] returned to the corner, at which time Paul M. handed [Arter] the same United States currency that Joseph M. had given him. [Officer Shippen testified that Paul M. was holding the currency in his hand until handing it over to Arter; "[i]t was done directly in front of me . . . he never put [the money] away". Officer Shippen also testified the he had a clear, unobstructed view and that, beyond natural and street lighting, the area was illuminated by lights from the corner store and an adjacent place of worship.] Joseph M. then exited the area via bicycle, and Officer Shippen ordered his backup team to stop him.

At approximately 8:20 p.m., Joseph M. was stopped by back up officers on the 1700 block of York Street. Two blue-tinted heat-sealed packets containing [an] off-white chunky substance of suspected crack cocaine were recovered from his person. Shortly thereafter, Officer Shippen observed [Arter] and Paul M. leaving the area, at which time he instructed his backup team to stop them.

Trial Court Opinion, 09/24/18, at 2-3 (citations and footnotes omitted).

In addition to Officer Shippen's testimony, the Commonwealth presented testimony from the backup officer who stopped Arter. Officer Stacy Wallace testified that she stopped Arter on Susquehanna Avenue before he approached 18th Street (less than a half-block away). She recovered $22.00, all in one-dollar bills, and two cell phones. Before resting its case, the Commonwealth, by stipulation, also introduced chemical analysis evidence establishing that the off-white substance contained in the two blue-tinted, heat-sealed packets recovered from Joseph M. tested positive for cocaine base.

The trial court summarized Arter's defense case as follows:

> [Arter] did not testify at trial, but, in relevant part, presented the testimony of his nephew, Paul M. Paul M. testified that on August 6, 2014, he was residing at 2628 North Jessup Street, but spent the afternoon on the 2200 block of Bouvier Street; specifically, he spent four or five hours helping [Arter's] mother (Paul M.'s great aunt), Brenda Arter, cleaning up her residence at 2215 Bouvier Street. That evening, he spent time hanging outside Susquehanna and Bouvier Streets with his uncle ([Arter]), his cousin (now deceased), little brother, and a couple of his brother's friends. Paul M. testified that at approximately 8:00 p.m., he and his uncle ([Arter]) were inside the Chinese store about to order food when all of a sudden police entered the store and placed both of them under arrest for no reason whatsoever.

Trial Court Opinion, 9/24/18, at 4-5 (citation and footnote omitted).

After hearing the above evidence, the jury convicted Arter of the drug and conspiracy charges. On August 8, 2016, the trial court sentenced him to an aggregate term of 11½ to 23 months of incarceration, with no eligibility for

arole until 18 months, and a consecutive five-year probationary term. This Court dismissed Arter's original appeal for failure to file a docketing statement. Following the filing of a post-conviction petition, however, Arter's appellate rights were reinstated *nunc pro tunc*. This timely appeal followed. Both Arter and the trial court have complied with Pa.R.A.P. 1925.

Arter raises the following issues on appeal:

> I. Whether the verdict was insufficient as a matter of law, due to the inconsistency and insufficiency of testimony, and whether the elements of the crimes were sufficiently proven given the facts alleged at trial for the following charges:
>
> > a. Possession with Intent to Manufacture or Deliver
> >
> > b. Conspiracy – Manufacture or Deliver

Arter's Brief at 8.[2]

Our standard of review is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable a fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The

---

[2] Despite this Court granting two extensions, the Commonwealth has failed to file a brief.

- 4 -

Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011) (citations omitted).

Before addressing Arter's sufficiency claim, we first must determine whether it is properly before us. As this Court has summarized:

> The Pennsylvania Supreme Court has explained that Rule 1925 is a crucial component of the appellate process, which "is intended to aid trial judges in identifying and focusing upon issues which the parties plan to raise on appeal." *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 308 (1998). "When an appellant fails to adequately identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." *In re Estate of Daubert*, 757 A.2d 962, 963 (Pa. Super. 2000). "In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001).

*Commonwealth v. Freeman*, 128 A.3d 1231, 1248 (Pa. Super. 2016).

With regard to sufficiency claims, we have further stated:

> "In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (citing *Commonwealth v. Gibbs*,

> 981 A.2d 274, 281 (Pa. Super. 2009)). "Such specificity is of particular importance in where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Gibbs*, 981 A.2d at 281.

*Freeman*, 128 A.3d at 1248.

Here, Arter's Rule 1925(b) statement reads as follows:

> The verdicts were contrary to law on the charges of PWID and Conspiracy. The elements of the offense were not made out.
>
> [Arter] told his codefendant [Paul M.] give him two.
>
> Someone came to [Paul M.], he gave him two.
>
> There is no stash found.
>
> [Arter] never handed anything to the other individual.
>
> The police go to the stash area and there is no stash.
>
> [Arter] and [Paul M.] are arrested a block away at a deli.
>
> [Arter] had no drugs, no $20 and [Paul M.] had no drugs on him.
>
> Therefore, the evidence was insufficient as a matter of law for the jury to convict [Arter] of these charges.

Rule 1925(b) Statement, 3/22/18, at 1-2 (unnumbered).

Arter's Rule 1925(b) statement does not specify which element or elements of the crimes for which the jury convicted him, the Commonwealth failed to prove beyond a reasonable doubt. Although Arter is more specific in his appellate brief by arguing the Commonwealth failed to prove that he constructively possessed the drugs or committed an "overt act" to establish a conspiracy, *see* Arter's Brief at 16-17, 19, because he failed to identify these

issues in his Rule 1925(b) statement, the trial court did not address them. Thus, because the assertions Arter made in his Rule 1925(b) statement were "far too vague to warrant meaningful appellate review," **Freeman**, **supra**, he has waived his challenge to the sufficiency of the evidence.

In Rule 1925(a) opinion, the trial court did address, in general, Arter's sufficiency challenge, and, in fact, stated that the record refutes one of his Rule 1925(b) assertions. Notwithstanding waiver, our review of the record supports the following conclusions by the trial court:

> Unlike most cases of conspiracy to commit PWID, the evidence in this case was straightforward and direct. That is, beyond evidence of mere "possession" with an inferred intent to deliver, there was actual delivery. Moreover, the evidence established that [Arter] clearly was engaged in, indeed directed and controlled, the criminal enterprise of selling crack cocaine with his nephew, Paul M.
>
> More specifically, the evidence established that, on August 6, 2014, at approximately 8:10 p.m., [Arter] and Paul M. were standing on the northwest corner of Bouvier Street and Susquehanna Avenue, when [Arter] was approached by the black male, who engaged [Arter] in a brief conversation. The black male then handed [Arter] United States currency, at which time [Arter] instructed Paul M. to "Go get him two". At [Arter's] direction, Paul M. walked into a nearby alleyway for approximately 20 seconds, returning with two small objects that he handed to the black male. While this male could not be stopped by police, literally five (5) minutes later at 8:15 p.m., another male (Joseph M.) approached the corner looking to score some crack cocaine. Upon receiving U.S. currency from Joseph M., Paul M. entered entered the same alleyway for approximately 20 seconds, and returned with two objects that he handed to Joseph M. Paul M. then handed [Arter] the same U.S. currency that Joseph M. had given him. At Officer Shippen's direction, backup officers promptly stopped Joseph M., who was in possession of two blue-

tinted, heat-sealed packets of crack cocaine. Backup officers stopped [Arter] on Susquehanna Avenue before he got to 18th Street, *i.e.*, less than a half-block away. [Arter] was in possession of $22 - - consisting of 22 one-dollar bills - - and two cell phones.

In sum, the evidence manifested [Arter's] clear intent and actual participation in the criminal enterprise of selling narcotics on the streets of Philadelphia. As such his sufficiency claims fail.

Finally, [Arter's] contention that he was found with "no $20" is both false and misleading. First, there was no testimony that $20 was handed to [Arter]. Rather, the testimony was that [Arter] received unknown amounts of U.S. currency. Second, [Arter] was in fact in possession of $20 and then some ($22), which is consistent with the Commonwealth's evidence.

Trial Court Opinion, 9/24/18, 8-9 (citations and footnotes omitted).

In a footnote, the trial court noted that Paul M.'s trial testimony "hardly exculpated" Arter, because it "placed both him and [Arter] at the location of the surveillance on the date and time at issue." *Id.* at 9 n.8. The court further opined that, since Paul M. had a prior *crimen falsi* conviction, the jury "was entitled to reject his testimony in its entirety." *Id.* To the extent Arter challenges the credibility of Officer Shippen's testimony, this claim would likewise fail, as it challenges the weight the jury assigned the evidence. *Hansley, supra*.

In sum, because Arter's sufficiency challenge is waived and otherwise without merit, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/26/19