J-A23032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v.  :
:
:
:
ANTHONY GAMBIRAZIO  :
:
Appellant  :  No. 22 MDA 2023

Appeal from the Judgment of Sentence Entered December 6, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003034-2021

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:    **FILED DECEMBER 01, 2023**

Anthony Gambirazio appeals from the judgment of sentence entered

August 4, 2022, in the Luzerne County Court of Common Pleas. We affirm.

The relevant facts and procedural history as set forth by the trial court

are as follows:

> On April 21, 2022, Defendant, Anthony Gambirazio, was convicted of aggravated assault, conspiracy to commit aggravated assault, robbery, conspiracy to commit robbery, simple assault and theft by unlawful taking following a jury trial. Defendant and another individual took the victim's cell phone and U.S. currency from his person while beating him in the stairwell of his apartment. Defendant also shot the victim.
>
> Sentencing occurred on August 4, 2022. Defendant received 66 to 132 months on the aggravated assault conviction, 54 months to 108 months on the conspiracy to commit aggravated assault conviction, 60 to 120 months on the robbery conviction and 48 to 96 on the conspiracy to commit robbery conviction. All of the sentences were to run consecutively. No sentences were

---

* Former Justice specially assigned to the Superior Court.

imposed on the simple assault and theft convictions due to merger. All sentences were within the standard range of the guidelines and Defendant received credit for serving 430 days of incarceration prior to sentencing.

On August 10, 2022, a post sentence motion to modify sentence was filed on behalf of Defendant. This motion only sought a modification and reconsideration of sentence. By order dated December 5, 2022, the motion was denied.

A timely notice of appeal was filed on January 3, 2023. An order was then issued by [the trial c]ourt on January 4, 2023 which required that a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) be filed by Defendant within twenty-one days. Appellate counsel complied with the order by filing a concise statement on January 17, 2023. In the statement counsel raised twenty issues, many of which have no applicability to this case.

Tr. Ct. Op. at 1-2. On February 13, 2023, the trial court filed its opinion pursuant to Pa.R.A.P. 1925(a)(1).

Appellant's first issue on appeal is that the trial court erred by denying Appellant's public defender's request to withdraw as counsel. Appellant's Br. at 13. Specifically, Appellant argues that because the Luzerne County Public Defender's Office was representing both Appellant and his victim, there was an alleged conflict of interest. Appellant's Br. at 16.

In order to preserve an issue for appellate review it must be raised by the appellant in a Rule 1925(b) statement filed at the lower court's direction. Any issues not raised in a Rule 1925(b) statement are deemed waived. The facilitation of appellate review requires that the trial court be afforded the opportunity to address the issues raised on appeal. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. An issue not identified for review in a Rule 1925(b) statement is waived whether or not the lower court actually addresses the issue in an opinion.

*In re Estate of Daubert*, 757 A.2d 962, 963 (Pa. Super. 2000) (internal citations omitted).

Here, Appellant raised twenty issues in his Rule 1925(b) statement, many of them being patently irrelevant to the instant case.[1] However, a close review of each paragraph reveals that Appellant did not include a challenge to the trial court's denial of his public defender's motion to withdraw in the 1925(b) statement. Thus, Appellant has waived this claim and we will not address the merits.[2]

Appellant's second claim challenges the discretionary aspects of his sentence. Appellant's Br. at 17. Specifically, he argues that his sentence of 228 months to 456 months of incarceration was not necessary to address the nature and circumstances of the crime. *Id.* at 18. Additionally, Appellant argues that the trial court gave undue weight to retribution over rehabilitation, deterrence, and incapacitation, and undervalued mitigating evidence from Appellant's past. *Id.* at 19-21. We find that Appellant has waived this claim.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging

---

[1] For example, three of the issues raised are that the trial court abused its discretion by (1) denying Appellant's motion *in limine*, (2) allowing the Commonwealth to admit social media posts into evidence without proper authentication, and (3) refusing to instruct the jury with jury instructions submitted by Appellant. 1925(b) Statement, 1/17/23, at ¶¶ 4, 5, 8. However, Appellant filed no motions *in limine*, the Commonwealth presented no social media evidence, and Appellant submitted no jury instructions in this case.

[2] We note that the trial court's order complied with the requirements of Pa.R.A.P. 1925(b)(3).

the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Durazo*, 210 A.3d 316, 319-20 (Pa. Super. 2019) (citation omitted; bracketing in original).

Appellant's issue has been waived because Appellant has failed to comply with Pa.R.A.P. 2119(f). The Commonwealth has objected to this failure. Appellee's Br. at 8 ("Appellant must include a Pa.R.A.P. 2119(f) statement in his brief. Appellant did not include such a statement. Therefore, this issue is waived."). When the Commonwealth objects to this defect, we may not overlook the failure. *Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) (stating that this Court may "determine if there is a substantial question" even in the absence of a Rule 2119(f) statement, but "this option is lost if the appellee objects"). We therefore find that Appellant has waived this claim.

Accordingly, since both of Appellant's claims are waived, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/01/2023