J-A26031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GRETCHEN CSEPLO AND MICHAEL CSEPLO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 420 EDA 2023 |
| BERNHARD W. SCHOLZ AND JEANINE SCHOLZ, AND LINDA P. DANESE, THOMAS E. HORA AND LEITHBRIDGE COMPANY T/A (KURFIS SOTHEBYS INT'L) | : | |

Appeal from the Order Entered February 3, 2023
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2019-07901

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                     **FILED JUNE 20, 2024**

Appellants, Gretchen Cseplo and Michael Cseplo, appeal from the February 3, 2023 order granting summary judgment in favor of Appellees, Bernhard W. Scholz, Jeanine Scholz, Linda P. Danese, Thomas E. Hora, and Leithbridge Company T/A Kurfis Sothebys Int'l (collectively, "Appellees") in this action alleging that Appellees engaged in, *inter alia*, fraud and misrepresentation in the course of selling property owned by the Scholzes to Appellants.  After careful review, we affirm.

The facts and procedural history of this matter are largely immaterial to our disposition.  Briefly, on August 2, 2019, Appellants purchased property

_____

[*] Retired Senior Judge assigned to the Superior Court.

from Bernhard and Jeanine Scholz ("Sellers"), who were represented in the transaction by Linda P. Danese, Thomas E. Hora, and Leithbridge Company T/A Kurfis Sothebys Int'l ("Agents"). In conjunction with the purchase, Appellants executed a general release (the "Release") releasing both Sellers and Agents from liability from any claims arising from the transaction. Within a few months of purchasing the property from Sellers, Appellants discovered "numerous material defects or conditions" they believe Appellees had concealed. Compl., 11/3/19, at ¶ 25. Appellants then filed this lawsuit seeking damages and claiming that the Release was not binding due to fraudulent misrepresentations of Appellees in the execution of the Release.

On February 10, 2022, Sellers filed a motion for summary judgment. On February 25, 2022, Agents filed a motion for summary judgment. Appellants filed responses to both motions. The trial court scheduled a hearing on the motions, but, when the court was not able to hear argument on the scheduled date, it entered an order denying the motions and directing that the parties reargue the issues raised in the motions at the time of trial.

On December 5, 2022, the parties appeared for trial, prior to the commencement of which the court considered Appellees' motions for summary judgment. The court permitted Appellants, over Appellees' objections, to supplement the record with evidence, including testimony and affidavits, pertaining to their position that the Release was not binding. Following its consideration of the evidence and the parties' arguments, on

February 3, 2023, the trial court granted Appellees' motions for summary judgment and dismissed Appellants' complaint.

This timely appeal followed. The trial court ordered Appellants to file a Pa.R.A.P. 1925(b) statement. In response, Appellants filed a Rule 1925(b) statement that contained 29 allegations of trial court error and contained a footnote reserving the right to unilaterally supplement their statement. The trial court filed a Rule 1925(a) opinion.

Before we address the merits of Appellants' issues on appeal, we consider whether Appellants have preserved them for our review.

Pa.R.A.P. 1925(b)(4)(i) directs that an appellant set forth only "those errors that the appellant intends to assert." Pa.R.A.P. 1925(b)(4)(i). Pa.R.A.P. 1925(b)(4)(ii) requires an appellant to "**concisely** identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." *Id.* at 1925(b)(4)(ii) (emphasis added). "Issues not . . . raised in accordance with the provisions of this paragraph . . . are waived." *Id.* at 1925(b)(4)(vii); *see also In re Estate of Daubert*, 757 A.2d 962, 963 (Pa. Super. 2000) ("[w]hen an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues."); *see also Jones v. Jones*, 878 A.2d 86, 90 (Pa. Super. 2005) (finding that a Rule 1925(b) statement wherein the appellant raised 29 issues was "extravagant" and "makes it all but impossible for the trial court to provide a comprehensive analysis of the issues").

In the trial court's Rule 1925(a) opinion, the court observed that Appellants' "extravagant" Rule 1925(b) statement "does not conform to the Rules of Appellate Procedure" as it, *inter alia*, contained redundant and duplicative issues. Trial Ct. Op., 3/28/23, at 5-6 (citing **Jones**, 878 A.2d at 90). In addition, the court found that the "litany of complaints set forth in [the Rule 1925(b) statement] ignore the actual record and ask for a review of matters not ruled upon by the [c]ourt, which did not affect or control the [c]ourt's [d]ecision, and which are not proper matters for [a]ppeal."[1] **Id.** at 6.

Following our review, we agree with the trial court that Appellants did not raise their issues on appeal in compliance with Pa.R.A.P. 1925(b)(4)(i) and 1925(b)(4)(ii). Accordingly, their issues are waived.

Moreover, even if we were to overlook Appellants' failure to comply with the requirements of Pa.R.A.P. 1925(b), defects in Appellants' brief to this Court would preclude us from conducting meaningful appellate review.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. **Commonwealth v. Adams**, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101. "When issues

---

[1] The court also noted that this Court has held that a party's attempt to reserve his right to unilaterally supplement a Rule 1925(b) statement is procedurally improper. **Id.** at 5 n.2 (citing **Commonwealth v. Woods**, 909 A.2d 372 (Pa. Super. 2006).

are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a [c]ourt will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). As this Court has made clear, we "will not act as counsel[.]" ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007).

Pa.R.A.P. 2116(a) requires an appellant to include in his brief a statement of questions involved that states "concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail." Pa.R.A.P. 2116(a). Pa.R.A.P. 2119 instructs an appellant to divide the argument section of the appellate brief "into as many parts are there are questions to be argued." ***Id.*** at 2119(a). In addition, "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." ***Id.*** at 2116(a).

Rather than comply with our briefing rules, however, Appellants have included in their appellate brief a statement of questions involved that consists of a verbatim reproduction of their 29-issue Rule 1925(b) statement. They have also included a footnote acknowledging this defect and attempting to justify their failure to present to this Court a cogent, succinct statement of questions. In addition, the argument section of Appellants' brief consists of two parts, one of which is divided into numerous subparts. None of these parts correspond to, or are fairly suggested by, any of the questions listed in the statement of questions involved in violation of Pa.R.A.P. 2116 and 2119.

Thus, even if Appellants had not waived their issues by failing to comply with Pa.R.A.P. 1925(b), the substantial defects in Appellants' brief would preclude our review.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/20/2024