J-A06005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RICHARD DENNIS | |
| Appellant | No. 3122 EDA 2015 |

Appeal from the Judgment of Sentence April 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003567-2012

BEFORE:  PANELLA, J., SHOGAN, J., and RANSOM, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 22, 2017**

Appellant, Richard Dennis, appeals from the judgment of sentence entered April 30, 2015, in the Philadelphia County Court of Common Pleas. Appellant raises multiple challenges to his convictions, including an argument that the trial court erred by allowing testimony related to a bulletproof vest. After careful review, we affirm.

On November 8, 2011, Appellant was arrested and charged with possession of a firearm by a person prohibited,[1] firearms not to be carried without a license,[2] and carrying firearms on public streets or public property

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] 18 Pa.C.S.A. § 6106.

in Philadelphia.[3] Appellant proceeded to a bifurcated[4] jury trial. The trial

court summarized the relevant evidence presented at trial as follows.

> Philadelphia Police Officer Anthony Washington testified that on the evening of November 7, 2011, at approximately 8:30 p.m., he was on patrol as the passenger with his partner, Officer Carter, in plain clothes, when they immediately responded to a radio call "for a person with a gun" in the vicinity of 5500 block Walton Ave. in the City of Philadelphia. As they approached the area, Officer Washington saw [Appellant] and a second man, tucking a gun into his waist band [sic], running in their direction towards a "minivan," which was running, parked on the corner of 56th Street and Walton Ave. As [Appellant] entered the rear passenger door and the second man entered the from passenger seat, the minivan sped off.

> [Officer Washington] described [Appellant] as wearing a black leather jacket and a bullet proof [sic] vest under it. He also identified the second man as Chargomir Abdur-Rasheed.

> On seeing this[,] they made a U-turn[,] giving chase and calling for backup. Officer Washington testified that the minivan pulled to the curb when they activated their lights and siren. He immediately ran to the passenger door calling out[] "[s]how me your hands" several times. He then opened the passenger door and pulled Mr. Abdur-Rasheed out of the minivan as he was attempted to hide his gun under the seat. He placed Mr. Abdur-Rasheed under arrest after recovering his gun from the front passenger seat.

> Philadelphia Police Officer William Thrasher [] testified that on [the] evening of November 7, 2011, at approximately 8:30 p.m., he was in uniform on routine patrol as the passenger in a marked police vehicle with his partner when they responded to a call that Officers Washington and Carter were attempting to stop

_____

[3] 18 Pa.C.S.A. § 6108.

[4] Appellant elected to proceed without a jury on the charge of possession of a firearm by a person prohibited.

- 2 -

a fleeing vehicle in the area of the 5500 block of Walton Avenue. Being in the vicinity[,] they arrived as the fleeing minivan was pulled over.

When his car pulled up alongside the driver's side of the minivan, Officer Thrasher exited and was looking inside just as Officer Washington opened the passenger door. When the interior light came on[,] he saw [Appellant] "stuffing a handgun in between the seats." He immediately ran around the minivan to the rear passenger door and removed [Appellant]. After placing him in "cuffs[]" he recovered [Appellant's] gun which was clearly visible in a large leather jacket found between the seats. He identified the gun he recovered as "black in color Smith and Wesson .45 caliber revolver, with a brown wooden handle, loaded with six live rounds, serial number 17017."

On recovering [Appellant's] gun, [Officer Thrasher] also observed a "blue bullet proof [sic] Safariland vest" immediately next to where [Appellant] was sitting. He testified that he did not recover the bulletproof vest because it did not present a safety issue leaving it in place pending the securing of a warrant to search the vehicle.

Trial Court Opinion, 4/18/16, at 5-7. After the close of evidence, the jury and the trial court convicted Appellant of all charges.

On April 30, 2015, the trial court sentenced Appellant to five to ten years' imprisonment for possession of a firearm by a person prohibited, three to seven years' imprisonment for firearms not to be carried without a license, and one to three years' imprisonment for carrying firearms on public streets or public property in Philadelphia. The trial court imposed all of Appellant's sentences consecutively for a total aggregate sentence of nine to twenty years' imprisonment.

Appellant filed post-sentence motions challenging the sufficiency and weight of the evidence supporting his convictions, as well as challenging the

trial court's discretion related to a jury question, and the admission of evidence relating to a second gun and a bulletproof vest. These motions were denied by operation of law. Appellant timely filed a notice of appeal and the court-ordered Rule 1925(b) statement.

On appeal, Appellant raises these issues:

1. HAS AN ISSUE BEEN PRESERVED FOR APPEAL AND NOT WAIVED WHERE TRIAL COUNSEL FAILS TO FILE A TIMELY OBJECTION AND THE ISSUE IS RAISED IN A POST-TRIAL MOTION?

2. WAS THERE INSUFFICIENT EVIDENCE TO CONVICT APPELLANT AND WAS THE VERDICT AGAINST THE WEIGHT OF THE EVIDENCE?

3. DID THE COURT ERR IN ALLOWING TESTIMONY REGARDING A BULLET PROOF VEST [sic] AND WAS THAT IRRELEVANT TESTIMONY SO HARMFUL TO REQUIRE A NEW TRIAL?

4. DID THE COURT ABUSE ITS DISCRETION IN DENYING A POST-TRIAL MOTION FOR A NEW TRIAL ON THE BASIS OF INADMISSIBLE AND IRRELEVANT TESTIMONY REGARDING A FIREARM THAT WAS NOT THE FIREARM IN THE SUBJECT CRIME WAS PRESENTED THAT WAS SO HARMFUL TO REQUIRE A NEW TRIAL?

5. DID THE COURT ABUSE ITS DISCRETION IN DENYING A POST-TRIAL MOTION FOR A NEW TRIAL ON THE BASIS OF AN IMPROPER COMMENT MADE TO THE JURY BY THE TRIAL JUDGE THAT WAS SO HARMFUL TO REQUIRE A NEW TRIAL?

Appellant's Brief, at 8.

As a preliminary matter, we must determine whether Appellant has preserved his issues for our review. After careful review of the record, we have determined that Appellant's failure to object to the trial court's alleged

errors at trial coupled with an insufficient Rule 1925(b) statement has resulted in the waiver of *all* of Appellant's issues on appeal.

Through his first issue, Appellant contends that he has preserved the challenges raised in his third, fourth, and fifth issue on appeal, despite failing to object to these issues at trial, because he raised them in his post-sentence motion. ***See id***., at 8, 12, 14-15. These challenges relate to the trial court's admission of testimony related to a bulletproof vest[5] and a second firearm, as well as the trial court's answer to a jury question. ***See*** Appellant's Brief, at 15, 17-25. Because he believes including these challenges in his post-sentence motion preserves these claims for appellate purposes, Appellant avers that the trial court abused its discretion by dismissing these claims. ***See id***., at 12-25. We disagree.

Pennsylvania Rule of Evidence 103(a) provides that a party may claim error in the admission of evidence only if he makes a timely objection on the record and states the specific ground for the objection, unless it was apparent from the context. ***See*** Pa.R.E. 103(a)(1)(A)-(B). "We have long

---

[5] The transcript reveals that trial counsel did object to the admission of the bulletproof vest. However, this objection was based *solely* upon an alleged break in the chain of custody. ***See*** N.T., 2/18/15, 31-32. In his appellate brief, Appellant concedes that his objection based upon an alleged break in the chain of custody was meritless, but contends the testimony and admission of evidence related to the bulletproof vest was unduly prejudicial and irrelevant. ***See*** Appellant's Brief, at 18-19. As Appellant did not raise objections on these grounds at the time of trial, we decline to consider his objection to the vest's chain of custody as preserving his current challenge to the bulletproof vest.

held that '[f]ailure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal.'" ***Commonwealth v. Tha***, 64 A.3d 704, 713 (Pa. Super. 2013) (citation omitted). ***See also*** Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.") Similarly, to preserve a claim that a jury instruction was erroneous, a defendant must object to the charge at trial. ***See Commonwealth v. Spotz***, 84 A.3d 294, 318 n.18 (Pa. 2014). ***See also*** Pa.R.A.P. 302(b) ("A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of.")

Here, all parties agree that Appellant failed to object to the evidence related to the bulletproof vest, the second gun, and the trial court's answer to the jury question at trial. Contrary to Appellant's belief, the filing of a post-sentence motion cannot retroactively preserve claims that an Appellant has already waived. ***See*** Pa.R.A.P. 302. Therefore, these claims are waived.

Finally, Appellant challenges the weight and sufficiency of the evidence presented at trial. ***See id***., at 8. However, both the trial court and the Commonwealth contend that Appellant has waived these claims by failing to properly preserve the issues in his court-ordered Rule 1925(b) statement. ***See*** Trial Court Order, 4/18/16, at 7-8; Commonwealth's Brief, at 10-11. We agree.

As this Court has recently observed:

The Pennsylvania Supreme Court has explained that Rule 1925 is a crucial component of the appellate process, which is "intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal." **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306, 308 (1998). "When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." **In re Estate of Daubert**, 757 A.2d 962, 963 (Pa. Super. 2000). "In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa. Super. 2001).

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013) (citing **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009)). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Gibbs*, 981 A.2d at 281.

**Commonwealth v. Freeman**, 128 A.3d 1231, 1247 (Pa. Super. 2015).

Similarly, an appellant can waive a challenge to the weight of the evidence if his Rule 1925(b) statement contains only a boilerplate challenge to the weight of the evidence. **See Commonwealth v. Seibert**, 799 A.2d 54, 62 (Pa. Super. 2002) (holding that appellant waived his challenge to the weight of the evidence where his 1925(b) statement merely asserted that "[t]he verdict of the jury was against the weight of the credible evidence as to all of the charges").

Here, Appellant's Rule 1925(b) statement simply stated that "the verdict was against the weight of the evidence" and that "the evidence was insufficient to support the guilty verdict." Appellant's 1925(b) Statement, 11/6/15, at 1 (unnumbered).

At trial, Appellant was convicted of possession of a firearm by a person prohibited, firearms not to be carried without a license, and carrying firearms on public streets or public property in Philadelphia. Each of the aforementioned charges involves multiple elements. It is clear that Appellant completely failed to identify the element or elements that he alleges the Commonwealth failed to sufficiently prove or that were against the weight of the evidence. *See Garland*, 63 A.3d at 344; *Seibert*, 799 A.2d at 62. Thus, Appellant's failure to properly identify his challenge in his Rule 1925(b) statement has resulted in a waiver of both his sufficiency and weight of the evidence argument.

Judgment of Sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2017