J-S03045-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEONARD DARNELL JORDAN, | : | |
| | : | |
| Appellant | : | No. 31 WDA 2020 |

Appeal from the Judgment of Sentence Entered November 18, 2019
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001259-2019

BEFORE:    DUBOW, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                **FILED: September 10, 2021**

Appellant, Leonard Darnell Jordan, appeals from the Judgment of

Sentence entered on November 18, 2019, after a jury convicted him of one

count each of First-Degree Murder, Possessing Instruments of Crime,

Aggravated Assault, and Tampering with Evidence.[1]  After careful review, we

affirm.

The trial court provided the following background.

> On October 19, 2018, police were dispatched to 822 East
> 5th Street, Erie, Pennsylvania, for a report of a deceased victim.
> Upon arrival at the residence, officers observed that the door
> was ajar.  The responding officers entered the house and found
> the body of the homeowner, later identified as John Allen, lying
> on the floor of his living room.  Officers observed dried blood on
> Mr. Allen's right shoulder and a pool of blood underneath his
> body.  Mr. Allen was clenching the strap of a pair of eyeglasses
> in his right hand.  A television set and cabinet had been knocked

---

[1] 18 Pa.C.S. §§ 2502(a), 907(a), 2702(a)(1), and 4910(1), respectively.

*Retired Senior Judge assigned to the Superior Court.

over and two knives were lying near Mr. Allen's left foot. The knives found at the scene tested negative for blood and did not match the wound on the victim. No murder weapon was found in the residence. The cause of death was determined to be "several stab wounds to the head, neck and face." Appellant was named as a person of interest in the investigation. Appellant was arrested for the murder after Franklin Purdy provided the police with Appellant's recorded statements where he admitted that he had killed [Mr.] Allen.

Trial Ct. Op., 7/21/2020, at 1–2 (citations omitted).

Appellant was charged with one count each of Criminal Homicide, Possessing Instruments of Crime, Aggravated Assault, and Tampering with Evidence. Appellant proceeded to a jury trial on October 11, 2019, at the conclusion of which the jury found him guilty as indicated hereinabove. The court sentenced Appellant on November 18, 2019, to an aggregate sentence of life imprisonment without the possibility of parole. Appellant timely filed a post-sentence motion, which the trial court denied.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement.[2] The trial court issued a Rule 1925(a) opinion.[3]

---

[2] The trial court granted Appellant's request to file an amended Concise Statement following completion of the transcripts. However, Appellant did not file an amended statement.

[3] On March 5, 2021, Appellant *pro se* filed an Application for Remand with this Court, asking for the appointment of new counsel so that he could raise claims regarding the ineffective assistance of trial counsel. Appellant is not entitled to hybrid representation. **Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011). "When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken." **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016).

Appellant raises the following issues on appeal:

1. Was the verdict of First[-]Degree Homicide and other charges supported by the weight of the weight of the [*sic*] evidence?

2. Was the verdict of First[-]Degree Homicide and other charges supported by the sufficiency of the evidence?

3. Did the trial court err in not suppressing the recordings made by Franklin Purdy pursuant to Pennsylvania's Recording Law at 18 Pa.C.S. 5702[?]

Appellant's Br. at 3 (unnecessary capitalization omitted).

We begin with Appellant's sufficiency and weight claims. In its Rule 1925(a) Opinion, the trial court found Appellant waived his challenges to the weight and sufficiency of the evidence because, *inter alia*, Appellant's Rule 1925(b) Concise Statement was too vague to permit review. Trial Ct. Op., 7/21/2020, at 4–6. In the alternative, the trial court found that if not waived, Appellant's sufficiency and weight claims were without merit.

On appeal, Appellant argues that the verdicts were against the weight of the evidence because "the jury showed extreme inconsistencies by finding [A]ppellant guilty even though there was evidence that … [A]ppellant was acting in self-defense and that a fight broke out between [A]ppellant and the victim that was spontaneous." Appellant's Br. at 8–9. In challenging the sufficiency of the evidence, Appellant argues that "[t]he evidence in this case was rife with inconsistencies that easily rose to the level of reasonable doubt." ***Id.*** at 14. In essence, Appellant urges this Court to reevaluate the evidence and believe Appellant's version of events.

J-S03045-21

Contrarily, Appellant's Concise Statement did not provide any reason for why the verdict was against the weight of the evidence or supported by insufficient evidence. Instead, Appellant's Concise Statement included blanket statements challenging the sufficiency and weight of the evidence.

1. Was the verdict of First[-]Degree Homicide supported by the sufficiency of the evidence?

2. Was the verdict of the jury supported by the sufficiency of the evidence?

3. Was the verdict of the jury supported by the weight of the evidence?

4. Was the verdict of First[-]Degree Homicide supported by the weight of the evidence?

Matters Complained of on Appeal Pursuant to Rule 1925(b), 1/23/2020, at 1 (unpaginated; reordered for ease of disposition).[4]

When a concise statement contains issues that are too vague for the trial court to ascertain the nature of the claim to be raised on appeal, this Court has found those issues waived.

---

[4] Appellant raised a fifth issue in his Concise Statement.

Did the trial court err in not granting [A]ppellant's Motion to Suppress the recordings of his conversations with Franklin Purdy by Franklin Purdy. The recording was illegally of the defendant pursuant to Pennsylvania's recording law at 18 Pa.C.S. 5702 which requires the consent of the other person to the conversation. [Mr.] Purdy did not have defendant's permission to record the conversations. All recordings were done in secret.

Matters Complained of on Appeal Pursuant to Rule 1925(b), 1/23/2020, at 1–2 (unpaginated).

In **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998),[5] the Pennsylvania Supreme Court held that issues not included in a Pa.R.A.P. 1925(b) statement are deemed waived on appeal.

> The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process.

**Lord**, 719 A.2d at 308. "When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa. Super. 2001). "When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." **In re Estate of Daubert**, 757 A.2d 962, 963 (Pa. Super. 2000). "In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." **Dowling**, 778 A.2d at 686.

**Commonwealth v. Seibert**, 799 A.2d 54, 62 (Pa. Super. 2002) (citations altered).

Turning first to Appellant's sufficiency challenge, we observe that in order to preserve a sufficiency of the evidence claim in a Rule 1925(b) statement, an appellant must specify the element or elements the appellant avers were unproven.

> If Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court

---

[5] **Lord** was superseded by rule on other grounds, as stated in **Commonwealth v. Burton**, 973 A.2d 428, 431 (Pa. Super. 2009).

can then analyze the element or elements on appeal. [Where a] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] ... the sufficiency issue is waived [on appeal].

***Commonwealth v. Tyack***, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted). "Even if the trial court correctly guesses the issues Appellant[ ] raise[s] on appeal and writes an opinion pursuant to that supposition the issues are still waived." ***Kanter v. Epstein***, 866 A.2d 394, 400 (Pa. Super. 2004) (citation omitted).

***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020) (citations altered; brackets in original), *appeal denied,* 250 A.3d 468 (Pa. 2021).

Here, Appellant failed to specify the element or elements upon which the evidence was allegedly insufficient to support his convictions for First-Degree Murder, Possessing an Instrument of Crime, Aggravated Assault, and Tampering with Evidence in his Concise Statement. Thus, we conclude that Appellant waived his sufficiency of the evidence claim. ***See id.***

Turning to Appellant's weight claim, we are guided by this Court's decision in ***Seibert***. In his Rule 1925(b) statement, Seibert "merely stated that '[t]he verdict of the jury was against the weight of the credible evidence as to all of the charges.'" ***Seibert***, 799 A.2d at 62 (brackets in original). The trial court dismissed Seibert's weight claim summarily without addressing any specific weight of the evidence issue. Based on the foregoing, this Court found Seibert's weight claim too vague to permit review, despite his raising specific reasons in his brief as to how the verdict

- 6 -

was against the weight of the evidence. Recently, our Supreme Court declined to find waiver of a weight claim based on a Rule 1925(b) statement. *See Commonwealth v. Rogers*, 250 A.3d 1209, 1223–25 (Pa. 2021). In his Rule 1925(b) statement, Rogers included a weight claim, which stated that the verdict was against the weight of the evidence because the testimony of specific persons was vague, inconsistent, and unreliable, such that the verdict based thereon was pure conjecture. Our Supreme Court concluded that such a statement was not too vague to permit review because the issue was readily understandable from the context.

Upon review, we conclude that Appellant's Concise Statement is more akin to *Seibert* than *Rogers*. As in *Seibert*, Appellant raises a specific argument on appeal as to why the verdict was against the weight of the evidence but did not include such specifics in his Concise Statement and merely presented a generic weight challenge. Likewise, the trial court here found Appellant's weight claim waived based upon his deficient Concise Statement, and in the alternative summarily dismissed Appellant's weight claim as it did not shock the court's conscience. Unlike in *Rogers*, Appellant's specific weight argument was not readily understandable from the context. As such, we find that Appellant waived his weight issue.

Finally, we turn to Appellant's suppression challenge.[6] Preliminarily, we observe that Appellant preserved this issue in his Concise Statement. Appellant argues that the trial court erred in denying his motion to suppress Mr. Purdy's recordings based on a violation of the Wiretapping and Electronic Surveillance Control Act ("Wiretap Act"), 18 Pa.C.S. §§ 5701–5782. Appellant's Br. at 16–17.

> In reviewing appeals from an order denying suppression, our standard of review is limited to determining
>
> > whether [the trial court's] factual findings are supported by the record and whether [its] legal conclusions drawn from those facts are correct. When reviewing the rulings of a [trial] court, the appellate court considers only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. When the record supports the findings of the [trial] court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.
>
> ***Commonwealth v. Griffin***, 116 A.3d 1139, 1142 (Pa. Super. 2015). Our scope of review is limited to the evidence presented at the suppression hearing. ***In re interests of L.J.***, 79 A.3d 1073, 1088-89 (Pa. 2013).

***Commonwealth v. Bellamy***, 252 A.3d 656, 663–64 (Pa. Super. 2021) (citations altered; brackets in original).

Generally, "the Wiretap Act prohibits the interception, disclosure or use of any wire, electronic or oral communication." ***Commonwealth v. Mason***,

---

[6] As noted hereinabove, Appellant raised this issue in his Concise Statement and therefore preserved it for appeal.

247 A.3d 1070, 1080 (Pa. 2021). However, the Wiretap Act provides several exceptions, one of which allows an individual to utilize wiretaps if that individual reasonably suspects that the intercepted party committed a crime of violence and evidence of the crime may be obtained via the interception. This exception provides in relevant part as follows.

> It shall not be unlawful and no prior court approval shall be required under this chapter for:
>
> ***
>
> (17) Any victim, witness or private detective licensed under the act of August 21, 1953 (P.L. 1273, No. 361), known as The Private Detective Act of 1953, to intercept the contents of any wire, electronic or oral communication, if that person is under a reasonable suspicion that the intercepted party is committing, about to commit or has committed a crime of violence and there is reason to believe that evidence of the crime of violence may be obtained from the interception.

18 Pa.C.S. § 5704(17) (footnote omitted). The term "crime of violence" includes murder and aggravated assault. 18 Pa.C.S. § 5702.

By way of background, Appellant sought to suppress three cell phone recordings made by Mr. Purdy without Appellant's knowledge or consent based upon a violation of the Wiretap Act. The court held a hearing on the admissibility of Mr. Purdy's recordings on August 28, 2019. The Commonwealth argued that the recordings fell under the exception outlined in subsection 5704(17). At the conclusion of the hearing, the trial court agreed with the Commonwealth and denied Appellant's motion to suppress. The trial court explained its reasoning in its Rule 1925(a) Opinion as follows.

Here, the Commonwealth established by a preponderance of the evidence that Mr. Purdy, a witness, was under a reasonable suspicion that Appellant had committed a crime of violence against [Mr.] Allen and had reason to believe that evidence of the crime might be obtained from recording the telephone conversations with Appellant. Further, both parties agreed that [Mr.] Purdy was acting as a private citizen, and was not acting as an agent of the Commonwealth or at the direction of law enforcement. Mr. Purdy began making the recordings after having an unrecorded conversation with Appellant wherein Appellant confessed to the murder of [Mr.] Allen. It was after this confession that Mr. Purdy began making recordings of his conversations with Appellant to gather evidence of a violent crime. Mr. Purdy then reached out to law enforcement with the information of Appellant's crime. Based on these fact[s], the [trial c]ourt found Mr. Purdy's recordings fell within the exception at [sub]section 5704(17), as Mr. Purdy had a reasonable suspicion that Appellant had murdered [Mr.] Allen and reasonably believed that evidence of the murder might be obtained from recording the telephone conversations with Appellant.

Trial Ct. Op., 7/21/2020, at 23–24 (citations omitted).

Given the totality of the circumstances, we conclude that the trial court did not err in finding that Mr. Purdy's recordings fell within the exception at subsection 5704(17) and denying Appellant's Motion to Suppress.

Judgment of Sentence affirmed.

Judge Murray joins the memorandum.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/10/2021