J-S33044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN L. BLAZIER | : | |
| | : | |
| Appellant | : | No. 702 WDA 2022 |

Appeal from the Judgment of Sentence Entered January 6, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000760-2020

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED: November 9, 2023**

Appellant Ryan L. Blazier appeals the judgment of sentence entered by

the Court of Common Pleas of Blair County after a jury convicted Appellant of

aggravated indecent assault as well as two counts each of institutional sexual

assault, witness intimidation, and corruption of minors. We affirm.

Appellant was charged in connection with allegations that he had

sexually molested two minors while serving in the capacity as the head coach

of the boys' wrestling team at Bellwood-Antis Junior High School. Two male

students (A.S. and E.A.) made separate allegations that Appellant had

sexually assaulted them during wrestling practice.

Appellant proceeded to a jury trial at which the Commonwealth offered

the testimony of numerous witnesses, including both victims. E.A., who was

---

[*] Former Justice specially assigned to the Superior Court.

thirteen years old at the time of the abuse, indicated that in 2019, he would attend practices when Appellant trained him alone in the junior high wrestling room. Notes of Testimony (N.T.), 10/12/21, at 177, 79. E.A. indicated that he was in the "referees' position" on his hands and knees, when Appellant pulled down E.A.'s pants, touched both the outside and inside of his butt and pushed his fingers into E.A.'s anus. N.T., 10/12/21, at 183-85.

This assault caused the victim to yell out loudly in pain, which was heard by one of the school's janitors, Thomas Gority. N.T., 10/12/21, at 185-87; N.T., 10/13/23, at 217. Mr. Gority, afraid that "somebody really got hurt," went to investigate the source of the cries and found the wrestling room door to be locked. N.T., 10/13/23, at 21.

Mr. Gority unlocked the door with his master key and discovered Appellant crouched behind E.A. *Id*. at 218-19. When Mr. Gority demanded to know "what the hell is going on," Appellant attempted to explain his actions as "trying to man [E.A.] up." *Id*. After Mr. Gority retorted that "I hope you didn't do what I think you did," Appellant left the room and could not be found at the school. *Id*. at 210.

E.A. indicated that Appellant subsequently told him if he revealed anything about the abuse, "he would strike me and my dad and … would end up hurting him." N.T., 10/12/21, at 188. E.A. did not tell his father about the abuse as he took Appellant's threats seriously. *Id*. at 189.

Another male student, A.S., alleged that Appellant assaulted him during wrestling practice when A.S. was thirteen years old. A.S. indicated that

Appellant would require him to be his wrestling partner and would squeeze and pinch his groin and testicles while A.S. was in the referees' position. N.T., 10/13/21, at 117-19. Both A.S. and E.A. confirmed that pinching a wrestler's private parts were not accepted forms of competitive wrestling. N.T., 10/12/21, at 192; N.T., 10/13/21, at 117-18.

A.S. also explained that Appellant would direct him to engage in a "wrestle off" with another student wrestler in the wrestling room. When A.S. lost the "wrestle offs," Appellant allowed the winning wrestler to return to the group practice and isolate A.S. in the wrestling room. N.T., 10/13/21, at 124-26. A.S. claimed that Appellant removed A.S.'s clothing, put a shirt over A.S.'s face, and sodomized him against the wrestling room wall. *Id*. at 120-23. When A.S. tried to scream, Appellant would put his hand across A.S.'s mouth and would punch his head. *Id*. at 123-24. A.S. also indicated that he believed that Appellant penetrated him with a foreign object during one of the assaults. *Id*. at 121-22. A.S. claimed that Appellant threatened A.S. "not to tell anyone or he would come after me." *Id*. at 126.

At the conclusion of trial, the jury convicted Appellant of aggravated indecent assault (as to E.A.) as well as two counts each of institutional sexual assault, witness intimidation, and corruption of minors. On January 6, 2022, the trial court imposed a term of four (4) to eight (8) years' imprisonment for aggravated indecent assault, two terms of three (3) to six (6) years' imprisonment for institutional sexual assault, two terms of one and one-half (1½) years to three (3) years' imprisonment for corruption of minors, and two

terms of four (4) to eight (8) years' imprisonment for intimidating a witness. As the trial court set all the individual sentences to run consecutively, Appellant received an aggregate sentence of twenty-one (21) to forty-two (42) years' imprisonment. On January 18, 2022, Appellant filed a post-sentence motion,[1] which the trial court denied on May 12, 2022.

Thereafter, on June 8, 2022, Appellant filed this timely appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant raises the following issues on appeal:

1. Whether the trial court erred by denying the post-sentence motion for judgment of acquittal as to count 17, the offense of corruption of minors - sexual offenses, a felony of third degree, inasmuch as the evidence did not suffice to prove the element of a course of conduct beyond a reasonable doubt?

2. Whether the trial court abused its discretion by denying the motion for new trial based upon the weight of the evidence, inasmuch as the verdicts were so contrary to the evidence as to shock the sense of justices and so that the right may be given another opportunity to prevail?

3. Whether the trial court abused its discretion by denying discovery of confidential counseling records of a minor victim, A.S., by its order, dated September 3, 2021, and entered of

_____

[1] Our rules of criminal procedure provide that "a written post-sentence motion shall be filed no later than 10 days after the imposition of sentence." Pa.R.Crim.P. 720(A)(1). While Appellant filed his post-sentence motion twelve days after the judgment of sentence was imposed, we nonetheless find this motion to be timely filed. As the tenth day was a Sunday, and the eleventh day was Martin Luther King, Jr. Day, Appellant was required to file a post-sentence motion by Tuesday, January 18, 2022. *See* 1 Pa.C.S. § 1908 (for computations of time, if the last day of any such period shall fall on a Saturday, Sunday, or on a legal holiday, such day shall be omitted from the computation).

record on September 8, 2021, at ¶ 8, notwithstanding that the request was reasonable and material to the defense at trial, which prejudiced [Appellant] at trial by preventing full and effective cross-examination of that minor victim and other Commonwealth witnesses and deprived Appellant of a fair trial?

4. Whether the trial court abused its discretion in imposing an aggregated sentence of not less than 21 years nor more than 42 years, consisting of minimum terms at the upper end of the aggravated range of the sentencing guidelines on three counts and exceeding the aggravated range on four counts, imposed consecutively, without an adequate basis for such departures, and doing so while fixating on the gravity of the offenses and ignoring other factors, resulting in an unreasonable sentence?

Appellant's Brief, at 11-12 (issues renumbered for ease of review, suggested answers omitted).

First, Appellant argues that the trial court erred in denying his motion for judgment of acquittal as to corruption of minors as it related to E.A. Before we analyze the merits of this argument, we must address whether Appellant has properly preserved this claim for review in his Rule 1925(b) statement.

It is well-settled that an appellant's court-ordered Rule 1925(b) statement must concisely identify each error with sufficient detail to identify the issue to be raised for the judge. Pa.R.A.P. 1925(b)(4)(ii). This Court has held that:

Rule 1925 is a crucial component of the appellate process, which "is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal." **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306, 308 (1998). "When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." **In re Estate of Daubert**, 757 A.2d 962, 963 (Pa.Super. 2000). "In other words, a Concise Statement which is too vague to allow the court to identify the issues raised

on appeal is the functional equivalent of no Concise Statement at all." ***Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa.Super. 2001).

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa.Super. 2013) (citing ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa.Super. 2009)).

***Commonwealth v. Freeman***, 128 A.3d 1231, 1248 (Pa.Super. 2015). Where a 1925(b) statement raises a challenge to the sufficiency of the evidence supporting a particular conviction and "does not specify the allegedly unproven elements[,] … the sufficiency issue is waived [on appeal]." ***Commonwealth v. Williams***, 959 A.2d 1252, 1257 (Pa.Super. 2008).

In the instant case, the trial court required Appellant to file a concise statement pursuant to Rule 1925(b). Appellant submitted a Rule 1925(b) statement containing twenty-three issues, which included challenges to the sufficiency of the evidence supporting seven of his convictions. However, Appellant failed to identify any element of any of the crimes he was convicted which allegedly were not supported by sufficient evidence.[2]

We emphasize that requiring "[s]uch specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Gibbs***, 981 A.2d at 281. Therefore,

---

[2] In his appellate brief, Appellant characterizes his first argument as challenging the trial court's denial of his motion for acquittal. Our review of the record reveals that Appellant's motion for acquittal also baldly asserted that there was insufficient evidence to support all seven of his convictions.

as Appellant failed to provide any specific detail in his concise statement for his sufficiency claims to allow for proper review, these issues are waived.

Second, Appellant asserts that the trial court abused its discretion in denying his motion for new trial based upon the weight of the evidence. We must also determine whether Appellant's weight challenge was similarly waived for lack of development in his Rule 1925(b) statement.

Appellant's Rule 1925(b) statement indicates that the trial court abused its discretion in failing to grant Appellant's motion for a new trial, in which Appellant claimed that the jury's verdicts as to all seven of Appellant's convictions were so contrary to the evidence as to shock one's sense of justice.

This claim fails for the same reason as Appellant's sufficiency claim. "In order to preserve a challenge to either the sufficiency or weight of the evidence on appeal, an appellant's Rule 1925(b) concise statement must state with specificity the elements or verdicts for which the appellant alleges that the evidence was insufficient or against the weight of the evidence." *Commonwealth v. Juray*, 275 A.3d 1037, 1048 (Pa.Super. 2022) (finding the appellant had waived his challenge to the weight of the evidence as he did not specify the reasons for which his four convictions were against the weight of the evidence).

Appellant raised a single claim in both his 1925(b) statement and his post-sentence motion vaguely challenging the weight of the evidence as to all seven of his convictions.  Appellant did not give any specific reason as to why any of the individual verdicts was contrary to the weight of the evidence, but

instead argued that he was entitled to a new trial based on an unsupported allegation that all seven verdicts were against the weight of the evidence. Thus, we find this issue to be waived.

Third, Appellant claims the trial court abused its discretion by denying his discovery request for A.S.'s counseling records. Appellant contends that such a request was reasonable and material to his defense and the denial of this discovery prevented him from effectively cross-examining A.S.

In its September 9, 2021 opinion resolving Appellant's pretrial motions, the trial court determined that Appellant was not entitled to receive A.S.'s counseling records, which the trial court deemed to be confidential. While the trial court based this conclusion on a citation to "42 Pa.C.S.A. § 5544," it is clear that the trial court was referring to the psychiatrist/psychologist-patient privilege codified in 42 Pa.C.S.A. § 5944, which provides that:

> [n]o psychiatrist or person who has been licensed under the act of March 23, 1972 (P.L. 136, No. 52), to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relations and communications between a psychologist or psychiatrist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client.

42 Pa.C.S.A. § 5944. This Court has further provided that:

> the psychiatrist/psychologist-patient privilege is absolute and the statute contains no exceptions for disclosure. ***Commonwealth v. Kyle***, 367 Pa.Super. 484, 533 A.2d 120, 125 (1987); 42 Pa.C.S. § 5944. The privilege "is designed to protect confidential communications made and information given by the client to the psychotherapist in the course of treatment, but does not protect the psychotherapist's own opinion, observations, diagnosis, or

treatment alternatives." [**Commonwealth v.**] **Farrell**, 150 A.3d [87, 97-98 (Pa.Super. 2020)] (citation and internal quotation marks omitted).

The privilege applies not only to psychiatrists and psychologists, but to any member of a patient's treatment team. **Id.** at 100, *quoting* **Commonwealth v. Simmons**, 719 A.2d 336, 343 (Pa. Super. 1998) ("[A]ny oral communication by [patient] in private to **any** member of the treatment team and used by the team for the purpose of psychotherapeutic evaluation is privileged. Additionally, any reference to such a communication in [the facility's] files is privileged as well.") (emphasis in original).

**Commonwealth v. Segarra**, 228 A.3d 943, 953–54 (Pa.Super. 2020). In **Segarra**, this Court held that the trial court erred in ordering a child advocate to review the minor victim's mental health records, which were protected by both the Section 5944 privilege as well as the statutory set forth in the Mental Health Procedures Act (MHPA), 50 P.S. §§ 7101-7116.

In his appellate brief, Appellant offers no argument to challenge the trial court's determination that A.S.'s mental health records were protected from discovery through the Section 5944 privilege. We thus find the trial court did not err in denying Appellant's motion to compel disclosure of such records.

Lastly, Appellant claims the trial court abused its discretion in imposing an aggregate sentence of 21-42 years' imprisonment, when several of the individual sentences were imposed in the upper end of the aggravated range or exceeding the aggravated range. Appellant argues that the trial court erred in imposing these aggravated range sentences consecutively without adequately providing a basis for such departures. Appellant also contends that the trial court solely considered the gravity of his offenses and ignored other sentencing factors.

In reviewing such claims, we are mindful that:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks, some citations, and emphasis omitted).

As noted above, Appellant filed a timely post-sentence motion and notice of appeal. Appellant has also included a Rule 2119 statement in his appellate brief to invoke this Court's jurisdiction. We proceed to determine whether Appellant raised a substantial question as to the appropriateness of the sentence under the Sentencing Code.

In doing so, we note that our Court must evaluate on a case-to-case basis on whether a sentencing claim raises a substantial question for review. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id*. (citations omitted).

This Court has held that "an allegation that the court failed to state adequate reasons on the record for imposing an aggravated-range sentence … raises a substantial question for our review." *Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa.Super. 2008). In addition, an allegation that the sentencing court focused exclusively on the seriousness of the crime raises a substantial question for review on appeal." *Com. v. Lewis*, 45 A.3d 405, 411 (Pa.Super. 2012).

However, given that the Sentencing Code gives a trial court discretion to impose consecutive or concurrent sentences, a challenge to a trial court's decision to impose consecutive sentences does not ordinarily raise a substantial question. *Commonwealth v. Swope*, 123 A.3d 333, 338–39 (Pa.Super. 2015); 42 Pa.C.S.A. § 9721(a). As such,

> the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012)[(*en banc*)]. [An appellant] may raise a substantial question where [s]he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question. *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa.Super. 2013).

*Commonwealth v. Swope*, 123 A.3d 333, 338–39 (Pa.Super. 2015) (citation and quotation omitted).

- 11 -

Even assuming *arguendo* that Appellant adequately raised a substantial question for our review, we find that Appellant is not entitled to relief in challenging the discretionary aspects of his sentence. Our standard of review for a sentencing claim is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Kurtz*, 294 A.3d 509, 536 (Pa.Super. 2023) (quoting *Commonwealth v. Taylor*, 277 A.3d 577, 592-93 (Pa. Super. 2022) (citation omitted)).

The Sentencing Code requires a sentencing court to "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721. "The balancing of the sentencing factors is the sole province of the sentencing court." *Commonwealth v. Miller*, 275 A.3d 530, 535 (Pa.Super. 2022) (citation omitted).

In imposing sentence, a sentencing court must review the nature and circumstances of the offense, the history and characteristics of the defendant, the sentencing court's observations of the defendant (including any

presentence investigation), the findings upon which the sentence was based, and the sentencing guidelines. 42 Pa.C.S.A. § 9781(d). "[W]hen a court possesses a pre-sentence report, it is presumed the court "was aware of and weighed all relevant information contained [in the report] along with any mitigating sentencing factors." *Commonwealth v. Velez*, 273 A.3d 6, 10 (Pa.Super. 2022).

Although a trial court is required to consider the sentencing guidelines when imposing sentence,

> the sentencing guidelines are purely advisory in nature – they are not mandatory. A court may therefore use its discretion and sentence defendants outside the guidelines, as long as the sentence does not exceed the maximum sentence allowed by statute. When a court deviates from the sentencing guidelines, it must state the reasons for doing so on the record. This Court may vacate a sentence if it finds the "sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3).

*Velez*, 273 A.3d at 10 (some citations omitted). *See Moury*, 992 A.2d at 171 ("Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement").

The Commonwealth established that Appellant used his position of influence as a wrestling coach to sexually assault two minor victims, who were students entrusted to his care and tutelage. Appellant took advantage of his access to the junior high athletic facilities to isolate and molest the two boys within the confines of their own school. Appellant further threatened to harm the victims and their families if they revealed his abuse.

In imposing Appellant's sentences, the trial court reviewed Appellant's pre-sentence investigation report and permitted multiple witnesses to give victim impact statements or to testify on behalf of the defense at Appellant's sentencing hearing. The trial court expressly indicated that it had considered the sentencing factors including Appellant's rehabilitative needs along with the gravity of the offense, the impact of Appellant's actions on the lives of the young victims' and the community as a whole, and the protection of the public. The trial judge also stated that he had "strongly considered" the sentencing guidelines in this case, noting that he had been a panel member that was responsible for promulgating the sentencing guidelines.

Nevertheless, the trial court expressly acknowledged that it had chosen to deviate from the sentencing guidelines and impose individual sentences even beyond the aggravated range on some counts as the sentencing guidelines did not adequately address the gravity of the offenses and the impact of Appellant's crimes on his young victims.

While the trial court shared that Appellant's lack of remorse was a major factor in its decision, the trial court emphasized that the most compelling factor was the "permanent destruction of the victims' lives" that had been "shattered" when Appellant "stole their childhood[], extinguished the light of their youth and their innocence to which every child is entitled." Order, 1/6/22, at 2.

Our review of the record in this case demonstrates that the trial court reasonably deviated from the guideline ranges and acted within its discretion

in running the sentences consecutively. *See Commonwealth v. Clary*, 226 A.3d 571, 581 (Pa. Super. 2020) ("[D]efendants convicted of multiple offenses are not entitled to a 'volume discount' on their aggregate sentence"). Accordingly, we conclude that the trial court properly exercised its discretion in imposing Appellant's sentence.

For the foregoing reasons, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

11/9/2023