J-A15002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TARA MOSS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG MOSS | : | |
| | : | |
| Appellant | : | No. 148 MDA 2024 |

Appeal from the Order Entered January 9, 2024
In the Court of Common Pleas of York County Civil Division at No(s):
2015-FC-0000335-03

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 06, 2024**

Craig Moss ("Father") appeals *pro se* from the January 9, 2024 order[1] entered in the Court of Common Pleas of York County that disposed of the custody complaint filed by Tara Moss ("Mother") and awarded the parties shared legal custody, Mother primary physical custody, and Father supervised partial physical custody of the parties three children, fourteen-year-old A.N.M, twelve-year-old X.N.M., and eleven-year-old A.E.M (collectively, "the Children").  Upon review, we dismiss this appeal due to Father's failure to comply with Pa.R.A.P. 1925(b) as well as the substantial defects in Father's brief.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The order is dated December 29, 2023, but the trial court did not docket it until January 9, 2024.

In its opinion, the trial court set forth the relevant factual and procedural history of this case and we adopt its detailed recitation for purposes of this appeal. *See* Trial Ct. Op., 2/26/24, at 1-14. Briefly, Mother and Father are married but have been separated for approximately five years. Children have been living primarily with Mother. On April 5, 2023, Mother filed a complaint for custody seeking shared legal custody and primary physical custody of Children. In her complaint, Mother requested that the court limit Father to supervised physical custody and order Father to participate in a "Threat of Harm Evaluation" with a licensed professional. Compl., 4/5/23, at ¶ 17. Leading up to the custody trial, Father proceeded to file numerous motions and petitions.

On December 29, 2023, the trial court held a custody trial. On January 9, 2023, after consideration of the evidence and the 23 Pa.C.S. § 5328 custody factors, the trial court entered a final order of custody that awarded the parties shared legal custody, Mother primary physical custody, and Father supervised partial physical custody on alternating weekends.

Father timely appealed and filed a contemporaneous Pa.R.A.P. 1925(b) statement, which spanned 30 pages, and attached 15 exhibits. On February 9, 2024, the trial court issued an order finding that Father's Rule 1925(b) statement failed to conform with the rule's requirements that the statement be "concise." Order, 2/9/24. The court ordered Father to file a concise statement in compliance with Rule 1925(b) within ten days. On February 15,

2024, Father filed his second Rule 1925(b) statement, which spanned 26 pages, and attached 14 exhibits. The trial court filed a Rule 1925(a) opinion.

Before we address the merits of Father's issues on appeal, we consider whether Father has preserved them for our review.

Rule 1925(b)(4)(i) directs that an appellant set forth only "those errors that the appellant intends to assert." Pa.R.A.P. 1925(b)(4)(i). Rule 1925(b)(4)(ii) requires an appellant to "**concisely** identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." *Id.* at 1925(b)(4)(ii) (emphasis added). Issues not raised in accordance with Rule 1925(b) are waived. *Id.* at 1925(b)(4)(vii). "When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." *In re Estate of Daubert*, 757 A.2d 962, 963 (Pa. Super. 2000). A non-concise statement "makes it all but impossible for the trial court to provide a comprehensive analysis of the issues." *Jones v. Jones*, 878 A.2d 86, 90 (Pa. Super. 2005) (finding that a Rule 1925(b) statement wherein the appellant raised 29 issues was "extravagant" and thwarted appellate review). *See also Kanter v. Epstein*, 866 A.2d 394, 401-02 (Pa. Super. 2004) (holding that the appellants' 15-page Rule 1925(b) statements raising approximately 50 issues and incorporating additional issues 1) frustrated both the trial court and this Court's ability to engage in meaningful and effective appellate review process and 2) "breached their duty of good faith and fair dealing with the court" by

pursuing "a course of conduct designed to undermine the Rules of Appellate Procedure").

In the trial court's Rule 1925(a) opinion, the court observed that Father's "lengthy" and "unwieldy" statement "was not made in good faith and fair dealing with [the trial c]ourt and that Father is, thereby, undermining the Rules of Appellate Procedure." Trial Ct. Op., 2/26/24, at 14-15. The court further opined that "Father's endless and expansive claims of error" made it difficult to address his issues and served to "overwhelm" and "diminish" the quality of the court's analysis. *Id.* at 17.

Following our review of Father's Rule 1925(b) statement, we agree with the trial court that Father did not raise his issues on appeal in compliance with Rules 1925(b)(4)(i) and (ii). Accordingly, his issues are waived. Pa.R.A.P. 1925(b)(4)(vii).

Moreover, even if we were to overlook Father's failure to comply with the requirements of Pa.R.A.P. 1925(b), defects in Father's *pro se* brief to this Court would preclude us from conducting meaningful appellate review.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. *Commonwealth v. Adams*, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101. "The Rules of Appellate Procedure [] state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation

omitted). ***See also*** Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). As this Court has made clear, we "will not act as counsel[.]" ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). "[N]or shall we scour the record to find evidence to support an argument[.]" ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018).

The substantial defects in Father's brief to this Court preclude meaningful appellate review. Father fails to comply with Rule 2117 and provide a "chronological statement, in narrative form, of all the fact which are necessary to be known in order to determine the points in controversy," with appropriate references to the record. Pa.R.A.P. 2117(a)(4). Instead, Father merely provides a four-sentence paragraph stating the dates of the custody complaint, conferences, trial, and notice of appeal.

Moreover, Father's argument section is incomprehensible. While Father does cite some relevant boiler-plate law, he fails to apply the law to the facts of this case in a meaningful and coherent manner as required by our Rules of Appellate Procedure and case law. It is not the role of this Court to develop

an appellant's legal argument.  ***Commonwealth v. Johnson***, 985 A.2d 915, 925 (Pa. 2009).  Once again, this Court will not act as counsel.  ***In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012).  Thus, even if Father had not waived his issues by failing to comply with Pa.R.A.P. 1925(b), the substantial defects in Father's brief would preclude our review.

In sum, Father's Rule 1925(b) statement failed to preserve any issues for our review.  Moreover, even if Father had preserved issues for our review, the substantial defects in Father's brief preclude meaningful appellate review by this Court.  Accordingly, we dismiss this appeal.

Appeal dismissed.  We direct the prothonotary to strike this appeal from the June 25, 2024 argument list.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/06/2024